―――――o―――――

## Zerah and *Chauncey Porter* vs. *Ira Stewart.*

The acceptance of performance of a condition precedent, after the time for its performance has expired by the terms of the contract, furnishes *prima facie* evidence only that the parties intended to continue the contract in force in its original terms ; and evidence is admissible to show the intent to be different.

THIS case came before the court on a motion for a new trial founded upon exceptions taken at the trial in the county court at last April Term. Mr. Justice HUTCHINSON presiding.

The action was debt on bond, dated Oct. 5, 1821, in the penalty of $5000,00. The condition was set forth in the declaration and recited, That the defendant had agreed with the plaintiffs to sell them an oil mill with land and appurtenances at the sum of $3000,00, for which the plaintiffs had executed to him the following notes: one for $450, payable May 1, 1822, one for $450,00, payable May 1, 1823, one for $619,00, payable May 1, 1824, one for $586,59, payable May 1, 1825, one for $558,00, payable May 1, 1826, one for $529,83, payable May 1, 1827, and one for $501,75 payable May 1, 1828 ; that the defendant had agreed to execute to the plaintiffs a valid deed of said premises with the usual covenants upon their paying to him the sums of money specified in the two first notes aforesaid, *according to the tenor of the same,* and executing a mortgage of the premises to secure the payment of the

other notes.   The condition then provided that
if the defendant should execute to the plaintiffs
such deed, upon their paying the two first notes, *according to the tenor of the same,* and executing to him the mortgage aforesaid, the obligation to be void, otherwise in force.   The declaration alleged that the plaintiffs on the first day of May, 1822, paid the full sum of money specified in one of said first notes, and on the first day of May,  1823,  the full sum specified in the other, according to the tenor of said notes and took up the  same ; that on the first day of May 1823 they duly executed and tendered to the defendant a mortgage of said  premises to  secure  the  payment of the other notes, and demanded of him to execute a deed : assigning a breach of the condition in the refusal of the defendant to execute the deed.

The defendant pleaded *non  est  factum,* with notice under the statute that on trial he  should  offer  evidence to prove that neither of said two first notes was paid on the day the same fell due, or for a long time after, and that the second note aforesaid was not paid till after the said third note of $619,00 fell due, and a long time after, to wit, till October, 1824.   That on the first day of May,1824, the two last notes aforesaid being due and unpaid, the defendant was about to institute proceedings for recovering possession of the premises from  the plaintiffs, when it was agreed that the time of payment for the sums already due and payable should be extended, upon additional security therefor, which was furnished, and  that the  defendant  should  allow the plaintiffs to occupy the premises one year longer.

By the exceptions it appeared that the execution of the bond being admitted, the plaintiffs, to prove the payment of the said two first notes according to the averment in the declaration, produced the notes, with endorsements thereon in the hand writing of the defendant, showing the payment to have been made subsequent to the days on which they respectively fell due, and proved by the admission of the defendant that on the 25th day of September, 1824, the plaintiffs tendered a mortgage and demaded of him a deed of the premises.   The defendant objected to the evidence because it did not support the allegation of *payment, tender* and *demand* as laid in the declaration, but the court overruled the

Addison, Jan. 1827.) objection. The defendant then offered evidence

*Porter* vs. *Stewart.* } to prove the facts contained in his said notice, but the court decided that such evidence was not admissible in bar of the action. The defendant then offered evidence to prove that he accepted payment of said two first notes, under an agreement to refund what should not be necessary to make a fair compensation for the use and injury of the mill while in possession of the plaintiffs, in case they should be unable to complete the other payments. This evidence was rejected by the court. The defendant offered in mitigation of damages, to deliver up to the plaintiffs in court to be cancelled, the four notes last described in the condition of the bond, and evidence to show the insolvency of the plaintiffs at the time of tendering the mortgage; all of which was rejected as inadmissible to go to the jury. The jury were directed that the measure of damages was the value of the premises at the time the mortgage was tendered, with the interest, deducting a proper allowance for the subsequent occupation thereof by the plaintiffs. A verdict being returned for the plaintiffs, the defendant tendered his exceptions to the aforesaid decisions of the court, which were duly allowed.

*D. Chipman* and *Starr,* in support of the motion.

Debt for a penalty is called in the law a harsh action, and the plaintiff must show himself strictly entitled to recover. In this case the plaintiffs allege payment of the two first notes at the times they fell due, but their evidence does not support the allegation.— In the action of debt on bond the plea of payment *on the day* is not supported by evidence of payment *after the day*, though it is by proof of payment *before the day.* Payment *after the day* could not be pleaded at common law. 1 *H. Bl..* 274.—*Chit. Pl.* 316.—1 *Saund.* 320.—2 *Saund.* 48.—4 *T. R.* 763.—5 *Bac. Ab.* 176. By the failure of the plaintiffs to pay the two first notes when they fell due, their right to claim the penalty never accrued. The bond became extinct at *law,* and they had lost all remedy upon it, unless *chancery* would compel the defendant to convey. The acceptance of payment *after the day,* though it was an affirmance of the contract of sale, did not set up the bond which had become extinct. A penal bond extinct is not revived or set up by implication. The doctrine relating to the acceptance

of rent, or other charges upon real estate, after the {Addison Jan. 1827. day of payment, is not applicable to this case; {Porter vs. Stewart. for there the object is to prevent a forfeiture of the land, but here it is to revive a forfeiture of the penalty.—1 *Con. R.* 79.—1 *Saund.* 287. The matter contained in the defendant's notice was a bar to the action, and should have been admitted. It was a new contract after the plaintiffs had failed to perform the original one according to the terms of it; the defendant being no longer bound at law, and having a right to reclaim the possession of the premises. The additional evidence offered to show under what circumstances the payment was made, should also have been admitted; for it went to repel any presumption that the parties intended to revive the bond. The offer of the defendant to give up the remaining notes in mitigation of damages should have been allowed, as well to save a multiplicity of actions as for the sake of evident justice to the defendant. As the notes had not become due they could not be pleaded in offset.

*Phelps* and *Bates*, contra.

The proof of performance of the condition precedent agrees with the averment in the declaration, except in the particular of time ; and this is never material, unless the party chooses to make it so at the time performance is tendered. The acceptance of the money by the defendant is to be considered a waiver of all objection on the ground of delay, and gave to the plaintiffs all the benefit of the contract which they would have had by payment at the time specified in the bond. The distinction to be found in the books, that time in these cases is essential at *law* but not in *equity*, relates only to a case where the party refuses to proceed with the contract after the day has elapsed; but an acceptance of performance *after the day* is a waiver both at *law* and *equity* of all objection. This was properly avered as a strict performance, for such being the effect of the transaction, it was pleaded according to its legal operation. The evidence offered by the defendant under his notice was properly excluded, as it constituted no defence to the action. There are but two prominent facts stated in the notice ; that the two first notes were paid after they fell due, and that delay upon additional security was granted upon the third note. The first fact has already been considered, and the

Addison, Jan. 1827. } other relates to a note not in the condition of
Porter vs. Stewart. } the bond for the purpose of this action. The
additional evidence offered was also rightly excluded.   1. It was
not covered by the notice, and 2dly.  It amounted only to a fur-
ther stipulation for the benefit of the plaintiffs, but could not oper-
ate to discharge the defendant from the obligation of his bond.—
The offer to cancel the remaining notes in mitigation of damages
was wholly unwarranted by any principle or precedent.

Royce, J. delivered the opinion of the court.

In this case the plaintiffs have declared upon a bond, setting
out the condition and alleging specific acts of *precedent perform-
ance* on their part in exact compliance with the terms of the con-
dition.   From the evidence offered on trial by the defendant, if
not from that produced by the plaintiffs, it is now to be understood
that the performance of those acts was different in point of time
from that required by the contract and avered in the declaration.
Whether a bond with condition wherein precedent acts, specific
as to the time and manner of their execution, are required to be
performed by the obligee, is upheld, so that at law the penalty re-
mains in force, by acceptance of performance of those acts after
the time for their execution has elapsed by the terms of the con-
tract; and if so, whether in declaring on such bond the party may
allege his own performance of *precedent acts* according to the
terms of the contract, or must state the variation in time or other
circumstance,avering the consent of the other party to such alter-
ation, are questions of sufficient importance and difficulty to form
the point of decision, whenever a cause shall occur resting solely
or chiefly on these questions.   The present case does not neces-
sarily depend upon either of them.   Assuming then what is not de-
cided, except for the purpose of reaching the point on which we
choose to turn this case, that both the foregoing questions are
solved in favor of the plaintiffs, it remains to be considered wheth-
er sufficient appears in the case to entitle the defendant to a new
trial.

It may perhaps be doubted, whether on trial upon the plea of
*non est factum* the plaintiffs were bound to prove their allegations,
as to the payment of the notes, and whether the defendant's no-
tice was authorised by the statute ; but as the plaintiffs conceived

themselves bound to make the proof, and as no $\Big\{$    Addison Jan. 1827.
question has been raised as to the propriety of $\Big\{$    *Porter* vs. *Stewart.*
filing this notice, the irregularity, if it is one, ought not now to be regarded by the court.

An obvious distinction between a literal performance of a *condition precedent* and one which is not so, consists in this ; that one is the exercise of a right, while the other depends upon a voluntary acceptance. In one case no question as to the intent of the act can be raised ; its effect upon the contract is certain and conclusive to its proper extent, and nothing depends on the will of the party to whom the performance is rendered ; while in the other all depends upon the intent, the party to whom performance is offered, may refuse his acceptance, or stipulate the terms with which it shall be qualified. It follows that the acceptance of payment in this case was not of itself conclusive as to the intent with which it was made or received. Unexplained it may furnish *prima facie* evidence that the parties intended to revive the bond in its original terms, but it does not 'estop the defendant from showing the purpose to be different. Had the performance been literal the evidence arising from it would have been conclusive ; in the present case, it was only presumptive. The evidence offered was proper to have gone to the jury, as tending to ascertain the purpose of the parties in relation to the payments so long deferred, and to repel a presumption that the bond in its penal terms was meant to be continued in force.

A part of the evidence was not contained in the notice, and therefore would seem at first view inadmissible. But when the mode of declaring is recollected the objection vanishes. The plaintiffs had given no notice that they should rely on proof of payment made *after the day* to satisfy their allegations of payment *on the day ;* and if they are allowed thus to depart from the averments in their declaration, the defendant must be allowed to show the facts attending the payments when received, though such facts are not covered by his notice. The verdict must be set aside and a new trial granted.

*Phelps* and *Bates,* for plaintiffs.

*D. Chipman* and *Starr,* for defendant.