HON. PIERPOINT ISHAM, ⎱
HON. MILO L. BENNETT, ⎰ ASSISTANT JUDGES.

---

EDWIN LAWRENCE *v.* ISRAEL DAVEY.

*Dependent covenant. Assumpsit.*

The plaintiff covenanted to deliver to the defendant certain quantities of coal before certain specified dates, and the defendant covenanted to pay the plaintiff "for the above named coal" a specified price, "to be paid the first of each month, for all delivered." *Held*, that the defendant's covenant was dependent, and only bound him to pay, at any particular time, for the amount of coal delivered, if all had been then delivered which was required by the plaintiff's covenant.

The plaintiff's testimony tended to prove that after a delivery of a less quantity of coal than the contract required, he informed the defendant that he could not fulfill, and if the defendant intended to take advantage of it he should not deliver any more, and that he should deliver no more unless the plaintiff paid for it irrespective of the contract; and that thereupon the defendant said that he wanted the plaintiff to deliver the coal, and that he would not take any advantage, but would pay for the coal delivered. *Held*, that this testimony, if believed, would entitle the plaintiff to recover in assumpsit for the coal then and thereafter delivered, without any reference to the quantity stipulated for.

ASSUMPSIT.   The plaintiff and defendant entered into a written contract, under seal, which was as follows, viz.

"*Contract made and concluded the first day of September*, 1853, *between Israel Davey of   *   *   *   of the first part, and Edwin Lawrence of   *   *   *   of the second part.*

"The said party of the second part covenants and agrees to, and with, the said party of the first part, to deliver at his forge in Salisbury, sixty-eight thousand bushels of good hard wood coal, to be delivered as follows : thirteen thousand bushels to be delivered before the first day of December next, twenty thousand bushels more before the first day of April, 1854, and the balance before the first day of September next following.   The said party of the first part covenants and agrees to pay said party of the second part for the above named coal, six dollars and fifty cents per hundred bushels, to be paid the first of each month for all delivered."

Under this contract, the plaintiff delivered a quantity of coal, but less than 13,000 bushels, between the first of September and the first of December, 1853, and a further quantity, but less than 20,000 bushels, between the first of December, 1853, and the first of April, 1854.   All the coal delivered before the first of March, 1854, was regularly paid for.   There was no coal delivered during the month of April.   The plaintiff claimed to recover in this action for the coal delivered in the month of March, and for that delivered subsequent to the alleged arrangement in May hereafter mentioned. The whole amount of coal delivered before the commencement of the suit did not amount to the quantity specified in the contract.

Upon a trial by the jury, at the June Term, 1855,—PIERPOINT, J., presiding,—the plaintiff's testimony tended to prove, in addition to the foregoing facts, that, in May, 1854, the plaintiff told the defendant that he should not be able to fulfill the contract, and if he (the defendant) was going to take advantage of the contract, he

(the plaintiff) wanted to know it then, for if the defendant intended to take advantage of the contract, he would not deliver any more coal; and that the defendant then said that he wanted the plaintiff should deliver the coal, and he would not take any advantage of the plaintiff on the contract, but would pay for the coal delivered; and that the plaintiff then told the defendant he should not deliver any more coal, unless the defendant paid for it irrespective of the contract; and that the plaintiff delivered the coal, understanding he was to be paid for it, although he did not fulfill the contract. There was no evidence tending to prove any abandonment or relinquishment of the contract, other than as above stated, or that any other place, quantity, or time of delivery was named than is specified in the contract.

The defendant claimed that the facts which the plaintiff's evidence tended to prove, did not constitute an abandonment of the written contract, by the defendant, so as to entitle the plaintiff to recover in this action.

But the court instructed the jury that, if they found that the defendant, in May, assured the plaintiff that if he would go on and deliver coal, that he would pay for the coal so delivered, without reference to the contract, and would take no advantage of the plaintiff on the contract, and that he would also pay for the coal delivered in the month of March, that they should find for the plaintiff to recover for all the coal delivered after the first of March, but if they did not so find, the plaintiff was not entitled to recover in this action.

Verdict for the plaintiff; exceptions by the defendant.

*Harrington & Prout* and *J. Pierpoint* for the defendant.

*O. Seymour* and *C. Linsley* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. We think the testimony given by the plaintiff in the present case did tend to show that the defendant, after a failure of the plaintiff to perform strictly according to the stipulations of the special contract, did agree, upon sufficient consideration, to waive such failure, and accept of the remainder of the coal,

although not delivered strictly according to the terms of the written contract, and pay for them at the stipulated price; and that the testimony was properly submitted to the jury, as tending to show a waiver of the special contract, so far as to enable the plaintiff to recover for the coal delivered and accepted, although not strictly in conformity with the stipulations of such special contract. And this being found by the jury, the plaintiff was entitled to recover the stipulated price of the coal delivered; and in this form of action, inasmuch as he could not recover, under the special contract, without alleging that the coal, for. which he sought to recover, was delivered in conformity with the stipulations of such contract. For, although the contract contains stipulations to make monthly payments, it is only for such coal as shall have been delivered, from time to time, under the contract. We think, therefore, that it would not be giving this special contract its proper force, to say that the stipulations for payment are independent covenants, depending for their consideration upon the covenants of the plaintiff, and not upon his performance of them. The fact undoubtedly is, that the obligation of the defendant to pay, under the special contract, depends exclusively upon the performance of the plaintiff, and we think it fair to say that the meaning of the parties undoubtedly is, that the monthly payments are only to be made, upon condition that the plaintiff does deliver not only some of the coal, and such as he claims payment for, from time to time, but that in the whole he delivers all that the contract stipulates, and in the time stipulated. Any other view of the contract would make the contract unreasonable.

It is true that, if such a contract contain a stipulation to make payments in advance of the delivery of the goods, or performance of service, this does, of necessity, render the covenants independent. But we do not so understand the present contract. In this view of the case, it seems to come clearly within the principle of repeated decisions of this court, following in the line of *Porter* v. *Stewart*, 1 Vt. 44. *Sherwin* v. *R. & B. R. Company*, 24 Vt. 347.

And, although the promise to waive the contract was after some portion of the coal sought to be recovered had been delivered, and so delivered that probably the plaintiff, if the defendant had insisted upon strict performance of the contract, could not have recovered

anything for it, yet, nevertheless, the agreement to waive the contract, and the promise, and, above all, the delivery of coal after this agreement to waive the contract, and upon the faith of it, will be a sufficient consideration to bind the defendant to pay for the coal already received.

Judgment affirmed.