## Franklin Moore and others v. Detroit Locomotive Works.

*Delivery of property, when a consideration for waiver of damages.* The delivery of property, manufactured in pursuance of a contract of manufacture and sale, is a sufficient consideration for an agreement on the part of the person so accepting its delivery, to waive any claim for damages on account of the contract not having been fulfilled within the stipulated time.

*Delivery and acceptance, when satisfaction of a contract.* A delivery and acceptance under an express agreement to waive all claim for damages on account of a breach of the contract as to time, if the manufacturer would deliver the article manufactured under a previous contract, may be considered as in full satisfaction of the contract.

The law will not look too closely into such arrangements as the parties themselves choose to consider satisfactory, in the absence of fraud or mistake; but will rather encourage parties to settle their own contracts.

*Agreement to waive damages, when not a consideration.* An agreement to waive a claim for damage, after it has fully accrued, nothing remaining to be done, would be without consideration; but it is not thus where something is still to be done, and is only performed in consideration of such waiver.

*Heard April 12th. Decided May 1st.*

MOORE *v.* DETROIT LOCOMOTIVE WORKS.

The action was brought to recover the balance due for. an engine made, sold and delivered by defendants in error to plaintiffs in error for the sum of $2750, and upon which the sum of $1900 had been paid. The action was assumpsit on the common counts. The plea was general issue with notice of special contract, non-fulfillment by defendants in error, and recoupment by plaintiffs in error. The jury found a verdict for plaintiffs below, (defendants in error,) for the balance of the contract price of the engine and interest, to wit: $947.38.

The facts are stated in the opinion.

*Maynard & Meddaugh,* for plaintiffs in error.

"The performance of that which a party was under a previous valid legal obligation to do," is not a valuable or sufficient obligation.—1 *Pars. on Con.* 363; 2 *Speers,* 697; 1 *Strobh.* 339; 2 *Camp.* 317; 3 *E & B.* 559; 10 *Iredell,* 474; 2 *Selden,* 369; 15 *Geo.* 570; 7 *Barb.* 590; 2 *Watts,* 424; 14 *Id.* 607.

So an agreement to receive less than a party is entitled to by his contract, unless upon some new consideration, is void.— 7 *Exch.* 319; 25 *Vt.* 396.

A right of action once vested, can only be destroyed by a release, under seal, or by the receipt of something *in satisfaction* of the wrong done.—7 *Bing.* 821; 23 *Wend.* 306; 7 *Ala.* 182; 26 *Id.* 748; 1 *Cow.* 122; 13 *Johns.* 87; 3 *Penn.* 405; 32 *Id.* 258; 2 *Pars. on Con.* 199; *Chitty on Con.* 764; 28 *Conn.* 472.

When the defendants received the engine, they received no more than they were entitled to, before they agreed to waive damages.

A waiver, before breach, may sometimes operate by way of equitable estoppel, to prevent the strict enforcement of a contract.—6 *Exch.* 854.

But after a breach there cannot be a waiver, without some new consideration.—11 *Ind.* 396; 1 *Hill,* 484; 4 *Denio,* 554; *Chitty on Con.* 776.

*Moore & Griffin,* for defendant in error.

1. The evidence discloses that neither party, up to the time of the delivery of the engine, insisted on a strict performance of the terms of the contract set up in the plea.

The defendants below did not make the payments in accordance with its provisions; and the plaintiffs below did not deliver the engine at the time at which defendants below claim they should have done.

The words "if in their power so to do," found in the written contract, mean that plaintiffs below would make all reasonable efforts to complete the engine by February 1st, 1864; reference being had to the contract by them already entered into, and their ability to perform.—38 *E. L. and Eq.* 176.

Defendants below do not rely upon that contract, but upon a verbal and new contract as to time, and the bill of exceptions shows that the written contract and the alleged verbal contract was, in fact, abandoned, prior to the time in each case at which the engine was to be delivered.

2. As to the waiver of damages.

The waiver was in the nature of a settlement of disputes; it prevented litigation with respect to this question of damages; it was a mutual compromise, and can be sustained on this ground.

The prevention of litigation is not only a sufficient, but a highly favored consideration.—1 *Pars. on Con.* 364.

It may be considered in the nature of a forbearance to bring suit; a party may waive a legal right.—*Id.* 369.

Whether he has done so is a question for the jury.—2 *Allen,* 82.

There is no pretense that any consideration, other than that arising out of the original transaction is necessary.—29 *Conn.* 82; 11 *Iowa,* 565; 22 *Ill.* 446; 11 *Rich. S. C.* 267; 7 *Cush.* 516; 17 *Me.* 34; 16 *Id.* 77.

Even strict performance of the condition of a bond may be waived by parol, as by enlarging the time.—7 *Conn.* 47.

In this case the plaintiffs below had been unable to procure the engine to be built as soon as they desired. It had been completed at great loss to them. When completed, they were at liberty to deliver or respond in such damages for non-delivery, as defendants below might be entitled to recover.

The defendants below could waive the contract also; and if plaintiffs below afterwards went on and delivered the engine, on the faith of the new promise that defendants below would waive damages, or which is the same thing, would pay the value of the engine, there is nothing in the law which prevents them from relinquishing the contract, and proceeding on the new agreement.—9 *Pick.* 298; 3 *Penn.* 445.

Such new agreement may, by its terms, or legitimate implication, dispose of any right of action arising under previous contract.—10 *Ind.* 282; 19 *Pick.* 349; 14 *Johns.* 329; 28 *Vt.* 264; 7 *Ark.* 123.

Moore, acting on behalf of plaintiffs in error, was frequently at the shop of defendants in error, after the 1st of March, while the work was in progress, urging it on. By so doing, plaintiffs in error must be held to have acquiesced in the delay, and estopped themselves from claiming damages therefor.—24 *Ill.* 268.

COOLEY J.

Suit being brought by defendants in error to recover the value of a steam engine made and delivered to Moore, Smith & Co., the latter seek to recoup from the contract price damages alleged to have been sustained by them, in consequence of a failure to complete and deliver it at the time agreed. The ruling of the Court below had the effect to exclude this defense; and the only question before us is as to the correctness of that ruling.

The contract for the engine was in writing, and bore date December 16, 1863. The locomotive works agreed to make and deliver the engine on or before the first day of February then next, if in their power so to do; and Moore, Smith & Co.

agreed to pay therefor $2750, as follows; one-fourth on the signing of the contract, one-half on delivery, and a note at thirty days from that time, with interest for the remaining fourth.

Moore, Smith & Co. claimed on the trial, that sometime before the first of February, a new verbal contract was made, modifying the written contract, as to the time of completion, and that thereby the locomotive works made an absolute agreement to complete the engine by the first of March, or by the first boat to Saginaw, to which place it was to be shipped. It was not, however, completed and delivered until the first of June. Moore, some three or four weeks after the second contract, called on the defendants in error to see how the work was progressing, and was informed by Lothrop, the Superintendent, that no progress had been made, and that government work occupied the whole time and power of the shop. Lothrop said he had written to Buffalo, Cleveland and Toledo to get assistance, but the shops at those places were all busy, and all the shops in Detroit were busy also, and he could get no help from any of them. Moore himself made some effort to get help at Wayne and Robinson's, but was unsuccessful. He called quite frequently to see about the work, and was informed that the locomotive works were doing all they could, and would complete the engine as soon as they could. Moore, Smith & Co. were very anxious to get the engine, and on its delivery to them made no objection to receiving it on account of delay, and no claim for damages.

Plaintiffs (below) gave evidence tending to show that no time was fixed by the oral agreement, within which the engine should be completed and ready for delivery; and also that at the time it was delivered, they expressly stated to Moore, Smith & Co. that they should not deliver it, unless the latter would waive all damages on account of its non-delivery before; that Moore, Smith & Co. were anxious to obtain the engine, and, in consideration of its delivery, did waive all claim for such damages. The Circuit Judge charged the jury that

if there was such a waiver as was claimed, the locomotive works were entitled to recover the contract price.

If the oral agreement as to time was as claimed by plaintiffs in error, it is probable that at the time when delivery was made, they had a valid claim against the Locomotive works for damages sustained in consequence of the delay. It appears, however, that they had not strictly performed the contract on their part; for the first payment was made forty days after it was due, and neither that, nor the second was as much as was agreed. But as the first payment was received without objection, so far as the case shows, and it does not appear that full payment of the second was insisted upon at the time the engine was delivered, their failure to fulfill cannot be considered material in the case, except as it may have a bearing upon the alleged waiver of damages.

It was argued for the plaintiffs in error that the naked question presented by the case was, whether, where one waives a valid claim for damages on the sole consideration of the delivery to him of that to which he was legally entitled before, such a waiver can bar an action for damages. In this case, however, it must be borne in mind that the engine had not yet become the property of Moore, Smith & Co., and would not, under the contract, until delivery. They were entitled to an engine, but not this particular engine. If the plaintiffs in error are correct in their version of the oral contract, the position of the parties at the time the engine was completed was this: The Locomotive works had failed to fulfill their contract according to agreement, and were liable to Moore, Smith & Co. for such damages as the latter could show they had sustained. But they might, at their option, deliver the engine if Moore, Smith & Co. would receive it, and thereby greatly reduce the damages. Whether the one course or the other would be the better for them, if Moore, Smith & Co. insisted upon damages being paid, might depend very much upon whether the prices of labor and materials had changed essentially since the contract was made. At any rate, however

unjust it might have been for them to refuse to deliver the engine after it was completed, there can be no doubt that they had at this time the option to refuse to perform the contract, altogether, and submit to the consequent damages, if they thought that course less detrimental to their interests, than to perform the contract, so far as was then possible, and then pay damages for the breach already existing. It would seem from the evidence given by them, that they elected to retain the engine and take the consequences, unless Moore, Smith & Co. would accept it in full satisfaction of the contract.

There are several cases which hold that where a party abandons a contract, and the other party promises that if he will go on and complete it, a further compensation shall be made beyond what was originally agreed, such promise is based upon sufficient consideration, and may be enforced. In *Munroe v. Perkins*, 9 *Pick.* 305, the plaintiff had agreed by deed to erect a building for defendants. Finding his contract a losing one, he had concluded to abandon it, but resumed work on the oral promise of the defendants that, if he would do so, they would pay him what the work was worth, without regard to the contract. The Court say that whether the parol promise was without consideration " depends entirely on the question whether the first contract was waived. The plaintiff having refused to perform that contract, as he might do, subjecting himself to such damages as the other parties might show they were entitled to recover, he afterwards went on, on the faith of the new promise, and finished the work. This was a sufficient consideration. If defendants were willing to accept his relinquishment of the old contract, and proceed on a new agreement, the law, we think, would not prevent it."

In *Lattimore v. Harsen*, 14 *Johns.* 330, the plaintiffs had entered into an agreement under seal, to perform certain work under a penalty, and were afterwards released by defendant, by parol, from a further performance under the agreement, he promising them that if they would go on and

complete the work, he would pay them for their labor by the day. The Court held, that as the plaintiffs might have released themselves from the agreement by incurring the penalty, there was a sufficient consideration for the promise of the defendant, and that plaintiffs might recover under the substituted agreement.

The case of *Coyner v. Lynds*, 10 *Ind.* 282, follows, and is based upon the two above quoted.

In *Lawrence v. Davey*, 28 *Vt.* 264, there was a contract to deliver coal at specified times and rates. A portion of it was delivered, and plaintiff then informed defendant that he could not deliver at those rates, and if the latter intended to take advantage of it, he should not deliver any more; and that he should deliver no more unless the defendant would pay for the coal independent of the contract. The defendant agreed to do so, and the coal was delivered. On suit being brought for the price, the Court say: "Although the promise to waive the contract was after some portion of the coal sought to be recovered for had been delivered, and so delivered that probably the plaintiff, if defendant had insisted upon strict performance of the contract, could not have recovered anything for it, yet nevertheless, the agreement to waive the contract, and the promise, and above all, the delivery of coal after this agreement to waive the contract, and upon the faith of it, will be a sufficient consideration to bind the defendant to pay for the coal already received."

Each of these cases is to the point now in issue before us. It is true that in each the abandonment of the contract by the plaintiff was before very much had been done under it, and on the claim that the bargain was a hard one upon him. But neither of these circumstances can distinguish the cases from the present. An unprofitable contract is not, by that circumstance, made any the less binding on the promissor; and the promisee has the same right, and the same power to discharge a contract in consideration of a new promise, after breach as before. A different case would be presented if the plaintiffs

below had relied upon an agreement to waive the damages made after delivery; for in that case nothing would have remained for them to do or to promise which could be a consideration for the waiver. But here, although they had done the work which enabled them to deliver the engine, they refused altogether, according to their statement, to go further, except under the substituted agreement; so that the plaintiffs in error actually received the property under the promise which they now insist is invalid. If they regarded it for their interest at the time to make the arrangement, and have obtained the property under it, it is not in our power now to set it aside on the ground of their being entitled to just as much under the contract, before existing. They knew their legal rights at the time, and must be supposed to have consulted their own interests in entering into the new arrangement.

There is another view to be taken of the present case, which brings us to the same conclusion. The receipt of the engine by Moore, Smith & Co., under a promise to waive all damages, was in effect receiving it under an agreement to accept it in satisfaction of the contract. This is what the parties must have understood by the arrangement, if it was actually made. We have already seen that, if the contract was what the plaintiffs in error claim, neither party had complied strictly with its terms. The Locomotive Works claimed that they had been doing all that was possible to that end, and Moore, Smith & Co., instead of electing to terminate the contract, and sue for damages, had been urging them to complete it as speedily as possible. Their doing this might not amount to a legal waiver as to time; but as parties do not usually sue for a failure to perform by the day, where a faithful attempt has been made to do so, unless serious loss has resulted, the circumstance was well calculated to induce the Locomotive Works to believe that the engine was to be accepted in satisfaction of the contract when completed. And the real question here is not so much, as it seems to us, whether there was any consideration for the waiver of a legal right by the plaintiffs

in error, as whether, according to the understanding of the parties, at the time when delivery was made, the contract has been performed.

It will be remembered that by the written contract the Locomotive Works fixed no time for the delivery of the engine, but were to make it on or before the first of February, if in their power so to do. They still insist, and gave some evidence to show, that they had never made the promise more definite. There is no claim that the contract was not fully performed in every particular, except in point of time. If, now, the jury were satisfied that Moore, Smith & Co. consented to receive the engine in satisfaction of the contract, after the time for delivery had passed, we think the acceptance just as much binding upon them as if they had consented to receive it in time, waiving some defect in material or finish which was fully brought to their notice. It is not the policy of the law to look too closely into such arrangements, and to insist upon a strict and literal compliance with the terms of a contract, when the party interested has elected to accept a substantial compliance, as ample and satisfactory. On the other hand, parties are to be encouraged to settle their contracts for themselves; and the Courts are not to interfere with their settlements in the absence of mistake or fraud.

The case, as submitted to the jury, substantially required them to find that the plaintiffs in error had accepted the engine in satisfaction of the contract; and the jury having so found, the judgment should be affirmed.

The other Justices concurred.