## Hiram Jennison v. Charles Stone and another.

*Land contracts: Cutting timber: Promissory notes: Defense: Damages.* Parties under contract to purchase land and to keep the premises in as good condition as at the date of the contract until by their payments they become entitled to a deed, are not at liberty in the meantime to take off the timber; and they cannot set up in defense to their note for the contract price of the lands, damages suffered by them in being deprived, by reason of defects in the title, of the opportunity of lumbering on the premises. One cannot be damnified by being deprived of the opportunity of doing what he has no right to do.

*Settlements: Conflicting claims: Concessions made under protest: Defense reserved.* While settlements of conflicting claims will not be opened to inquire into the equities, yet such protection is not afforded to a transaction where what the party gives is given under protest that it is not payable, and with an understanding that he reserves his defense to it; a settlement in the nature of a compromise must be made as such, and so understood on both sides.

*Promissory notes: Land contracts: Interest: Want of consideration.* A note given for the balance due, with interest, on a land contract not drawing interest, on an understanding that the question of the liability to pay interest should nevertheless remain open, is held to be, as to the amount of such interest, without consideration and not enforcible.

*Heard and decided November 2.*

Case made from Kent Circuit.

*Norris, Blair & Stone,* for plaintiff.

*Taggart, Allen & Wolcott,* for defendants.

COOLEY, J:

The suit between these parties is upon a promissory note given by the defendants in closing up with plaintiff a contract they had made with one Newton for the purchase of lands, and which had been assigned to the plaintiff. Two

defenses were made to the note.  *First,* That by reason of
defects in Newton's title at the time the contract was entered
into, they were. deprived of the occupation of the land, and
of the opportunity to take timber from it as they desired,
for a considerable period, until the title was perfected; and
*second,* that there was included in the note a sum for inter-
est on the last instalment of the land contract, when the
contract called for none.

The first defense was properly overruled.  It appears by
the contract that the purchasers were to keep the premises
"in as good condition" as they were at the date of the
contract, until by their payments they became entitled to a
deed; and this would preclude their taking off timber until
that time.  The damages they claimed were for loss of the
opportunity to lumber upon the premises prior to that period,
and when, consequently, there could have been no legal
damages.  A man cannot be damnified by being deprived of
the opportunity of doing what he has no right to do.

The second defense seems to have been rejected on the
ground that the note sued upon was given on a settlement
between the parties, and after plaintiff had refused to settle
with defendants except for the amount promised to be paid
by it.  If the facts were that this note was given in settle-
ment of conflicting claims of these parties, then, under the
previous rulings of this court, we should not inquire into the
equities, even though it should be asserted or made to appear
that something was included in it which the plaintiff had
no lawful right to.—*Moore v. Detroit Locomotive Works, 14
Mich., 266.*  But if defendants should be able to show
that the facts were as they claim, this would not be such a
case.  They offered to show that when the note was given
they expressly claimed and insisted that the sum included
therein as interest on the last instalment of the land con-
tract was not demandable on the contract, and that they
gave the note after being assured by counsel present repre-
senting both parties, that their defense to the note to that
extent would be valid if it should prove that they were not

liable for the interest in dispute. This evidence would show that the defendants did not give the note in settlement, or understand that it was so taken.

Had the note in suit included nothing but this item of interest, which turns out by the contract not to have been payable, it would have been a plain case of a contract without consideration. Parol evidence is always admissible to show that a contract, though apparently valid, has nothing to support it. "Some consideration there must be, or it will be void as a *nudum factum* between the parties."—*Parsons, Ch. J.*, in *Fowler v. Shearer*, 7 *Mass., 14–22*. It is not sufficient that the contract imports a consideration; there must be one in fact. Here the land contract fails to supply the consideration, and the plaintiff would be compelled to fall back upon the alleged settlement. But that is no settlement where what the party gives is given under protest that it is not payable, and with an understanding that he reserves his defense to it. A settlement in the nature of a compromise must be made as such, and so understood on both sides.

It is immaterial that in this case the note included something further. This fact only makes it a case of partial failure of consideration, instead of total.

Judgment reversed, with costs, and a new trial ordered.

The other Justices concurred.