# COUNTY OF WINDSOR,

AT THE

## FEBRUARY TERM, 1880.

PRESENT :

Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD, ⎫
Hon. JONATHAN ROSS, ⎬ Assistant Judges.
Hon. H. HENRY POWERS, ⎭

---

## CALVIN AINSWORTH *v.* ALBERT HUTCHINS AND WIFE.

### *Evidence. Practice.*

In trespass *qua. clau.* for entering a house and destroying furniture, &c., therein, it was contended in defense that the act was done by another who was conceded to have been to the house from time to time in the absence of the occupants. Defendant offered to prove that that other had been seen to go to and from the house, and had been seen in it after the act was done, but the evidence was excluded. *Held,* that the court might properly exclude evidence of a fact that was conceded, although material, and that there was no error.

Defendant offered in evidence a letter written by an occupant of the house, who was also an owner of part of the things that were destroyed, in answer to a letter written by defendant, to show the relation between the writer and the plaintiff, &c., but did not state its contents. The letter was excluded, and defendant excepted, but the bill of exceptions also failed to disclose its contents. *Held,* that the court could not predicate error of its exclusion.

TRESPASS *qua. clau.* for entering a house and destroying fur-
niture and clothing therein, about December 1, 1877. Plea,
general issue, and trial by jury, May Term, 1879, BARRETT, J.,
presiding.

It appeared that the defendants lived in a house in the same
enclosure with the house that was entered, and there was evidence
tending to prove that the defendant Nancy, wife of the defendant
Albert, was the person who committed the act complained of. It
appeared that the owner of the house was absent when the act
was committed, and that the house was closed, but cared for in the
plaintiff's absence, by Albert G. Marsh and his wife, who lived
near. It appeared also that at the time of the commission of the
act, there was a young girl of the name of Jennie Rogers living
with the Marshes; and that in March, 1878, she set a fire in a
woodshed connected with the house in question, and was after-
wards sent to the reform school in consequence. She was called
as a witness by the plaintiff, and testified that some time in Decem-
ber, 1877, she went to the house, being sent there by Mrs. Marsh,
and went through the different rooms to the parlor, where she
found the defendant Nancy in the act of destroying a picture. It
appeared that she was sent to the house by Mr. and Mrs. Marsh
from time to time on various errands, but " there was no evidence
tending to show that she went there when not sent." The defend-
ants called Merrill Owen as a witness, and asked him whether at
any time in the fall of 1877, he saw the girl in, or going to or from,
said house. Objection was made and the answer was excluded;
to which the defendants excepted. The defendants also asked
him how often he saw her before he heard that she had gone to
the reform school. He answered that he saw her quite often.
They then asked him what her habit was " about that " after her
return from the reform school. Objection was made, and the an-
swer was excluded; to which the defendants excepted. The de-
fendants also offered to prove by Herman Morse that on one occa-
sion, after he heard the house had been entered, but before said
Jennie was sent to the reform school, when he was passing the
house, the girl pushed aside the curtain at one of the windows,
the curtains being drawn, and looked out at him and then with-

drew. The testimony was excluded ; to which the defendants excepted.

Mrs. Pierce, sister of the plaintiff, who lived with the plaintiff in the house in question, and owned some of the things destroyed, was called as a witness by the plaintiff, and on cross-examination identified a letter written by her to the defendant Nancy. The defendants offered that letter in evidence as tending to show the relation between the witness and the plaintiff and their sister, who also lived in the house in question and owned some of the things that were destroyed, and also as being an answer to a letter to her from said defendant. The letter was not shown to the plaintiff's counsel, nor to the court, nor were its contents stated. The letter was excluded ; to which the defendants excepted. The defendants' counsel argued to the jury that the girl, and not the defendant Nancy, committed the act complained of. The verdict was guilty, and the plaintiff moved for and obtained a close-jail certificate.

*Charles H. Williams* and *W. E. Johnson*, for the defendant.

The testimony of Owen and Morse was admissible to prove that the acts in question were committed not by the defendant Nancy, but by the girl Jennie.

*Hunton & Stickney*, for the plaintiff.

The evidence offered was not pertinent to the issue. Best Ev. 95, 118, 119, 277, *et seq. ; Baldwin* v. *Skeels,* 51 Vt. 121 ; *Gates* v. *Moore,* 51 Vt. 222.

The opinion of the court was delivered by

REDFIELD, J. This action is trespass *quare clausum* for the wrongful acts of the wife Nancy C., in entering plaintiff's house and destroying furniture and clothing therein. On trial the defendants claimed in argument that Jennie Rogers was most probably the person who did the mischief. The exceptions state that she was sent to this house on errands by Mrs. Marsh from time to time, and that there was no evidence tending to show that she went there when not sent. The defendants object to the exclusion

of the testimony of Merrill Owen, that he had seen Jennie go to and from said house ; and Herman Morse, that after the mischief was perpetrated he had seen Jennie in the house.    This testimony tended to show that said Jennie had the opportunity to do the mischief; but this was proved, and fully appeared from the plaintiff's testimony.    The court might well exclude proof of a fact already conceded by the adversary.    The letter from defendant to Mrs. Pierce was probably not admissible ; but we have no knowledge of its contents, and, of course, cannot predicate error upon its exclusion.    Judgment and the certificate therein affirmed.