## CHARLES B. BALLARD v. W. C. BROWN.

### MAY TERM, 1895.

*Trotting for purse not unlawful. Exception not considered.*

1. Trotting for a purse or stake is not trotting for a wager within R. L., s. 4305, as amended by No. 156, Acts of 1888, nor is it playing at a game within R. L., s. 4308.

2. An exception to the action of the trial court in excluding a letter will not be considered in supreme court, where the letter is not before that court nor its contents stated.

Assumpsit. Plea, the general issue. Trial by court at the December term, 1894, Windsor county, Ross, C. J., presiding. Upon the facts found the court gave judgment for the plaintiff. The defendant excepts.

*F. W. Baldwin* for the defendant.

Taylor was the plaintiff's agent, hence the letter written by him to defendant was admissible. *Weeks* v. *Barron*, 38 Vt. 420; *Baldwin* v. *Doubleday*, 59 Vt. 7; *Commonwealth* v. *Keyes*, 11 Gray 323; *Connecticut* v. *Bradish*, 14 Mass. 296.

The contract was against public policy, and void. *Talman* v. *Shader*, 23 Ill. 493: *Woodruff* v. *Hinman*, 11 Vt. 592; *Danforth* v. *Evans*, 16 Vt. 538; *Collamer* v. *Day*, 2 Vt. 144; *Elkins* v. *Parkhurst*, 17 Vt. 105; *Tarleton* v. *Baker*, 18 Vt. 9; *West* v. *Holmes*, 26 Vt. 531; *Comly* v. *Hillegrass*, 94 Pa. 132; 39 Am. Rep. 774; *Breeders*

*Ass'n* v. *Ramsdell*, 24 Mich. 441; *Ellis* v. *Beale*, 18 Me. 337; *Shropshire* v. *Glasscock*, 4 Mo. 536; *Mosher* v. *Griffin*, 51 Ill. 184; *Mount & Wardell* v. *Waite*, 7 Johns. 434; *Wilkinson* v. *Touseley*, 16 Minn. 299.

*W. E. Johnson* and *William Batchelder* for the plaintiff.

Error cannot be predicated on the exclusion of a letter whose contents are not shown. *Ainsworth* v. *Hutchins*, 52 Vt. 554.

Trotting for a premium is not a wager, and is not prohibited by statute. R. L., s. 4305; Acts of 1888, No. 156.

ROWELL, J. The letter from Taylor to the defendant, offered in evidence and excluded, is not before us nor its contents stated. We cannot, therefore, say whether it was admissible or not, even though authorized by the plaintiff, which does not appear and was not offered to be shown. *Ainsworth* v. *Hutchins*, 52 Vt. 554.

In the fall of 1889, plaintiff and defendant agreed that plaintiff's horse should trot in a race then soon to be had at a fair in Barton, and win it, and that defendant should pay him therefor one hundred dollars and keep him and his horse and driver. The race was for a purse offered by the Orleans Fair Ground Co., an organization chartered under the laws of the state. The horse trotted in the open-to-all race and won it; but none of the purse for which the race was trotted was to go to the plaintiff, and none of it did go to him.

The parties further agreed that if the plaintiff would procure other horses to trot in the races, defendant would pay him therefor such further sum as they should agree upon. Plaintiff procured another horse to trot in the races, for which they agreed that defendant should pay him eight dollars. The races were trotted under the auspices of said company, of which the defendant was treasurer, and both

horses won purses that were not paid. The horses were entered by Taylor, who had authority to enter plaintiff's horse in races and to drive it therein.

It is claimed that plaintiff cannot recover, for that the transaction in which he engaged was a wager, and therefore within R. L. 4305, as amended by No. 156, Acts of 1888, which imposes a penalty for trotting or racing a horse for a wager of anything of value, and for causing or aiding in causing such a trot or race; and for that it was a play or hazard at a game or a betting on such play or hazard, and therefore within R. L. 4308, which provides that a person who wins or loses money or other valuable things by play or hazard at any game, or by betting on such play or hazard, shall incur a penalty. Section 4305, before it was amended, prohibited trotting and racing, not only for a wager of anything of value, but also for "a purse or stake," and the amendment consisted in leaving out the words, "a purse or stake." This indicates that the legislature thought that trotting for a wager and trotting for a purse or stake were different things, for it can scarcely be supposed that the amendment was made merely for brevity's sake, and that the purpose was to take the latter out of the statute and retain the former in it. Subsequently, in 1892, for greater certainty in regard to trotting for a purse or stake, it would seem, as no other purpose is obvious, the legislature enacted that agricultural societies, corporations, and associations, authorized under the laws of the state to hold public fairs for the competition of horses in respect to speed, may offer premiums or purses for success in such competition.

Thus it has become the settled policy of the state to allow the offer and payment of purses and premiums for success in the competion of horses as to speed, a policy very different from that which prevailed in 1823, when section 4305 was first passed, as will be seen by reading that act, which condemned the practice very severely, visited it with heavy

penalties and forfeitures, and enjoined its strict enforcement. But in later years a great interest has been awakened in the matter of improving the products of 'the herds, the flocks, and the field, the great promoters of which are the agricultural societies, the horse breeders' associations, and kindred organizations of the day, which have come to be fixed institutions among us, and are approved of, fostered and sustained by the people generally, and looked upon as necessary for the best good of the interests they are designed to promote, and our legislation has conformed the law to this changed public sentiment by permitting, as aforesaid, the offer and payment of premiums and purses for success in the competition of horses as to speed, which stands in the same category as like offers and payments for success in the competion of horses as to walking or driving, and in the competion of oxen as to strength, and the like.

We quite agree with the legislature that trotting for a wager and trotting for a purse or stake are different things. A wager, as the term is used in the statute, is a bet, which is a pledge, as of money, to be paid to another in a certain event, the other pledging to pay a forfeit in the contrary event. This is practically the definition this court gave of wager in *Edson* v. *Pawlet*, 22 Vt. 291. It is obvious that trotting for a purse or stake is not a transaction of that kind but, as was said of the case cited, more properly belongs to the class of "no cure no pay cases."

Nor is trotting for a purse or premium a game within the meaning of section 4308. That section was originally passed in 1787, and was part of an act that prohibited, among other things, tavern-keepers, etc., from keeping in or about their houses and premises any cards, dice, bowls, shuffleboards or billiards, or any instrument for gaming, and from suffering persons resorting to their houses to use or exercise any of said instruments for money, goods or liquor, and also prohibited persons from playing at any such games

on any bet or wager, and from betting or wagering money or goods on any horse racing or other sport. This portion of that statute was ·kept together till the revision of 1839, when the matter of betting on horse racing was disconnected and placed elsewhere, and the substance of the rest of it was embodied in sections 10 and 11, chapter 101, of that revision, which have come down as · sections 4307 and 4308 of the Revised Laws. Said section 11 of the revision retained, after the words, "play or hazard," the words, "at cards," etc., and had the further words, "or any other game or games whatever," as a substitute for all which; section 4308 has the words, "at any game," which do not enlarge the former scope of the statute in this regard, and embrace no game that was not before embraced within it, of which, it is clear from this review, that trotting for a purse was not one, but was a separate and distinct thing under the statute.

This being a matter of construction, reference to the cases cited from other states in which it is held that such trotting is a game within their statutes, would afford us little aid, because of the difference between their statutes and ours in history, enactment and wording.

Hence the races in which plaintiff's horses participated were not unlawful, nor the contract he made wagering.

*Judgment affirmed.*