LILLA M. LOWELL *v.* AARON WHEELER'S ESTATE.

November Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 19, 1921.

*Admission of Evidence Subsequently Received Without Objection Harmless—Evidence of Reason for Certain Conduct—Presumed that Connecting Evidence Was Supplied—Declarations Against Interest—Irresponsive Evidence Properly Struck Out—Admissibility of Will Not Considered When Not Furnished Court—Exception not Briefed Waived— Breach of Contract May Be Waived and Contract Continued.*

1. In an action against an estate to recover for personal services performed for the decedent, if the plaintiff was incompetent to testify as to a certain book, error in receiving her testimony was harmless, where later she was permitted to testify fully as to the book, without objection.

2. It being a material feature of plaintiff's case that, when she went to W.'s house, she had left decedent's place on account of the abusive treatment of her husband, evidence that she had a black eye at W.'s house was admissible in connection with an offer to show that her husband was responsible for her condition.

3. In support of the ruling below admitting such evidence, it will be assumed, the contrary not appearing, that the connecting evidence was duly supplied.

4. Declarations of the decedent that he was going to hire the plaintiff, and subsequently did, being against his interest, were properly received.

5. Where all following the first part of an answer was clearly irresponsive, and, on plaintiff's motion to strike out the last part of the answer, the court, subject to defendant's exception, so ordered, without stating the precise words to be stricken out, there was no error, as there could be no mistake that the order referred to the irresponsive part of the answer.

6. Error is not shown in excluding the decedent's will where the record does not show that it was material, and the will is not furnished to the Court.

7.  An exception not briefed will not be considered.

8.  While the breach of a contract may justify the party not in fault to terminate it, the mere fact that a breach has been committed by one party does not necessarily accomplish that result, as the breach may be waived by the other party and the contract continued regardless of such breach.

APPEAL from the disallowance by the commissioners on the estate of Aaron Wheeler of a claim presented by Lilla M. Lowell. Declaration, contract on the common counts. Plea, the general issue. Trial by jury at the March Term, 1919, Washington County, *Fish,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Edward H. Deavitt* and *Fred E. Gleason* for the defendant.

*Theriault & Hunt* for the plaintiff.

MILES, J. This is an appeal from the report of commissioners disallowing the plaintiff's claim against the estate of Aaron Wheeler. The case was tried by jury in the Washington county court, and verdict and judgment were rendered for the plaintiff, to which the defendant excepted.

The claim of the plaintiff was for personal services performed, as the plaintiff contends, under an express verbal contract. The defendant denied that any such contract was ever made, and that was the sole issue upon which the right to recover in the county court depended.

The plaintiff was the wife of Martin Wheeler, the son of the testator, from the time the alleged contract was made until the death of the testator.

In the plaintiff's opening case, she took the stand as a witness, by whom it was offered to prove the identity of a certain book, the nature and character of which does not appear in the exceptions. To this offer the defendant objected on the ground that the plaintiff was an incompetent witness under the statute. Subject to the defendant's exception the plaintiff was permitted to testify as follows: ''Q. 1. You see the book which Mr. Willcox holds, is that the one? A. I could not tell without looking at it. Q. 2. What do you say? A. No; I couldn't tell at that distance. Q. 3. All right I will bring it up nearer to

you, without looking at it.' A. I don't think, by the looks of it, it is my book; I shouldn't say it was. Q. 4. You should say it wasn't your book? A. No; nor that I ever saw the book before.''

[1] If the plaintiff was incompetent to testify at the time she gave those answers, and it was error to receive them, such error was harmless; for later, to meet the testimony of Martin Wheeler produced against her, she was permitted to testify fully as to that book, without objection.

[2, 3] Ann Hoadly, a witness called by the plaintiff, had testified that in the fall of 1900 she was at William Way's where she saw the plaintiff. She was then asked: ''What was Mrs. Lowell's condition at that time?'' The defendant objected to the question on the ground of immateriality. The objection was overruled, and the answer taken subject to the defendant's exception. The witness answered: ''She had a black eye.''

The exceptions show that it was a material feature of the plaintiff's case that, when she came to the Way house on this occasion, she had left Aaron Wheeler's on account of the abusive treatment of her husband, Martin S. Wheeler. The evidence excepted to was admissible in connection with an offer to show that Martin Wheeler was responsible for the plaintiff's condition, and in support of the ruling below we must assume (the contrary not appearing) that the connecting evidence was duly supplied. So there was no error in the reception of the evidence objected to.

What has been said with reference to the testimony of this witness may be said respecting the testimony of William Way, to whom substantially the same question was asked and who gave substantially the same answer as was asked of and given by the witness, Ann Hoadly.

[4] Exceptions 4 and 5 were to the admission of declarations of the testator that he was going to hire the plaintiff, and subsequently that he had hired her. These declarations were against the testator's interest and were properly received. *Wheeler* v. *Wheeler's Est.*, 47 Vt. 637; *In re Bugbee's Will*, 92 Vt. 175, 102 Atl. 484; *Hopkins* v. *Sargent's Est.*, 88 Vt. 217, 92 Atl. 14; *Redding* v. *Redding's Est.*, 69 Vt. 500, 38 Atl. 230.

[5] The plaintiff claimed that the contract under which she performed the services for the testator was that she was to look after things at his home, the housework in general, ''and kind of look after him and Harry,'' for which she was to receive $2 per

week. The defendant claimed the plaintiff had not looked after the testator and Harry according to the agreement. On cross-examination of Martin Wheeler, a witness for the defendant, he was asked: "How old was Harry when they [meaning Harry and the plaintiff] ceased to be companionable and their relations cordial?" The witness answered: "I think he was somewhere about eighteen when she went to lick him for the last time, and he took her by the hand and told her he had got to be so old she couldn't do that any more—somewhere about that." The plaintiff moved to have the last part of the answer stricken out, and subject to the defendant's objection and exception the court so ordered. While the court did not state the precise words to be stricken out, there could be no mistake that the order referred to that part of the answer immediately following the statement of Harry's age. What followed that statement was clearly irresponsive. Thus construed there was no error in the order.

[6] No error appears in the exclusion of the offer of the testator's will. The offer was to show the situation of the Wheeler family in relation to the testator's property and that Martin Wheeler, the plaintiff's husband, had an interest in prospect of the real estate of his father. How this would aid in determining the issue in this case the record does not show; besides we are not furnished with the will, and in these circumstances we cannot say it was error to exclude the offer. *Cutler* v. *Skeels,* 69 Vt. 154, 37 Atl. 228; *Ballard* v. *Brown,* 67 Vt. 586, 32 Atl. 485; *Rudd* v. *Rounds,* 64 Vt. 432, 25 Atl. 438; *Ainsworth* v. *Hutchins,* 52 Vt. 554.

[7] An exception was taken by the defendant to the argument of plaintiff's counsel, but the same is not briefed, and we take no notice of that exception.

At the close of the court's charge the defendant excepted to its failure to instruct the jury that, if the contract claimed by the plaintiff had been made in the first instance, the fact that the plaintiff left the service of the testator in February, 1904, terminated the contract on that date, and from this it is argued that the plaintiff cannot recover for services after that date without showing an express renewal of the contract. The defendant was not entitled to have the jury so instructed.

[8] The defendant's contention is that the plaintiff committed a breach of the claimed contract by leaving the testator's services as she did, and therefore the contract was terminated.

Assuming, without deciding, that the contract was broken as claimed by the defendant, it does not follow that the contract was terminated by such breach. While the breach of a contract may justify the party not in fault to terminate it (*Fletcher* v. *Cole,* 23 Vt. 114), the mere fact that a breach has been committed by one party does not necessarily accomplish that result. The breach may be waived by the party not in fault and the contract continued regardless of such breach. *Douglass & Varnum* v. *Village of Morrisville,* 89 Vt. 393, 95 Atl. 810; *Porter* v. *Stewart,* 1 Vt. 44; *Paige* v. *Fullerton Woolen Mills,* 27 Vt. 485; *Smith* v. *Smith,* 45 Vt. 433; R. C. L. 1022, par. 383. The record does not show that the testator exercised or attempted to exercise the right to terminate the contract. On the contrary, it shows that the plaintiff went on in the performance of the contract after her absence the same as before, and the testator received such service to the time of his death. Other exceptions were taken to the charge but were not briefed, and so are not considered.

*Judgment affirmed. To be certified to the probate court.*