### M. G. BROWN v. L. L. OWENS.

(Filed 23 February, 1921.) ·

**Contracts—Consideration—Evidence—Questions for Jury—Trials.**

> In an action by a contractor to recover of the owner an additional amount to that specified in the contract to erect a house, evidence that the owner required the contractor to employ a certain class of labor, that increased the cost sixteen hundred dollars over the original estimate, of which the contractor agreed to lose four hundred dollars and the owner twelve hundred dollars, is sufficient as a legal consideration for the promise of the owner to pay the twelve hundred; and in this case it is for the jury to decide the questions raised, whether the new contract was to take effect only when reduced to writing and signed by the parties, or whether the alleged promise was made before or after the making of the original contract, or required a contractor's bond as a condition precedent to its taking effect.

APPEAL from *Calvert, J.,* at Spring Term, 1921, of CHOWAN.

*Vann & Holland and Ehringhaus & Small for plaintiff.*
*W. S. Privett, Van B. Martin, and Meekins & McMullan for defendant.*

WALKER, J. Action for the balance alleged to be due the plaintiff upon the construction of the defendant's residence, ·near Plymouth, N. C. There was a nonsuit, and plaintiff appealed. The plaintiff had proceeded with the work until his funds were exhausted, when he informed the defendant that he would be unable to complete it unless the latter would pay him the additional sum of twelve hundred dollars, which defendant agreed to do.

There is no evidence that plaintiff was acting in bad faith and attempting, by a species of duress, to extort money from the defendant, but there is, on the contrary, testimony tending to show that he was acting honestly and in good faith, his excuse for not going on with the work being that he was out of money, and that he would be required to spend more than the original amount contemplated, because the defend-

ant had demanded that he do not employ any laborers from Plymouth, which increased the cost to $1,600 over the first estimate. Plaintiff agreed to lose $400 of this amount if defendant would pay him the balance, or twelve hundred dollars. There also was testimony to the effect that under the new agreement, if it may be so called, there were changes in the contract imposing certain duties and restrictions upon F. F. Muth, assignor of the plaintiff, for the benefit of the defendant. It is contended by the latter that the promise to pay the additional sum of twelve hundred dollars was without any consideration, and therefore not binding on him, and he therefore refuses to comply with it, as he has a legal right to do. If we, for the present, disregard these considerations, and the other as to the employment of costlier labor, at the request of the defendant, and view the case as one simply of a promise to pay the additional money provided Muth would go on with the work and complete the job, we find the authorities as to the validity and binding force of the promise somewhat at variance. Some cases hold that if one party to a contract refuses to perform his part of it unless promised some further pay or benefit than the contract provides, and such promise is made by the other party, it is supported by a valid consideration, for the making of the new promise shows a rescission of the original contract and the substitution of another. In other words, that the party, by refusing to perform his part of the contract, thereby subjects himself to an action for damages, and the opposite party has his election to bring an action for the recovery of such damages or to accede to the demands of his adversary and make the promise; and if he does so it is a relinquishment of the original contract and the substitution of a new one, *Munroe v. Perkins,* 9 Pick., 305; *Bryant v. Lord,* 19 Minn., 396 (Gil., 342); *Moore v. Locomotive Works,* 14 Mich., 266; *Goebel v. Linn,* 47 Mich., 489; 11 N. W., 284; *Rogers v. Rogers,* 139 Mass., 440; 1 N. E., 122; *King v. Duluth, Etc., Rwy. Co.,* 61 Minn., 482 (63 N. W. (Minn.), 1105); while others are to the effect that there is no consideration to support such a promise, the promisee having done no more than, in law, he was under an existing duty or obligation to do, and, therefore, having given nothing in return for what the other party had promised to pay, the promise is *nudum pactum.* This contention may be thus differently stated: A promise to do what the promisor is already bound to do cannot be a consideration, for if a person gets nothing in return for his promise but that to which he is already legally entitled, the consideration is unreal. Therefore, as a general rule, the performance of, or promise to perform, an existing legal obligation is not a valid consideration. The legal obligation may arise from the law independent of contract, or it may arise from a subsisting contract. It is further said by those who adhere to this view

that what unforeseen difficulties and burdens will make a party's refusal to go forward with his contract equitable, so as to take the case out of the general rule and bring it within the exception, must depend upon the facts of each particular case. They must be substantial, unforeseen, and not within the contemplation of the parties when the contract was made. They need not be such as would legally justify the party in his refusal to perform his contract, unless promised extra pay, or to justify a court of equity in relieving him from the contract; for they are sufficient if they are of such a character as to render the party's demand for extra pay manifestly fair, so as to rebut all inference that he is seeking to be relieved from an unsatisfactory contract, or to take advantage of the necessities of the opposite party to coerce from him a promise for further compensation. Inadequacy of the contract price, which is the result of an error of judgment, and not of some excusable mistake of fact, is not sufficient. *King v. Duluth, Etc., Rwy. Co., supra.* The entire question, with a full statement of the different views advanced by the courts, will be found in 9 Cyc., pp. 347-353; and at p. 351 it is said that where one of the parties to a valid contract refuses to perform the same, and the other promises some additional consideration to induce him to do so, there is no enforceable promise, but some of the courts have held that a party to a contract has the right to elect whether he will perform the contract or abandon it and pay damages, which would discharge it (a breach and payment of damages being one method of doing so), and that his giving up of this right of election, therefore, furnishes a consideration for the new promise. The cases cited to support this proposition come from courts of the highest authority, and are collected in note 63 to the text. See, also, 13 Corpus Juris, secs. 210-216, and notes. There is a case substantially like this one, where the Court held that not only the doing of the labor and furnishing of the material, under the new arrangement, were of benefit to the owner of the building, who promised to pay the additional amount for the completion of the same, and therefore a sufficient consideration for the promise, but that a mistake of $500 which the contractors had made against themselves in their estimate of the cost of building the house also was such a consideration. *Cooke v. Murphy,* 70 Ill., 96.

But we need not determine at this time what the true rule is, for the decision of the question, even if the consideration is not otherwise sufficient in law, for there is evidence in this case, we think, of changes by the parties in the contract, which were sufficiently beneficial to the defendant, and detrimental to F. F. Muth, the contractor, to be a legal consideration for the promise to pay him the twelve hundred dollars. It is not conclusively shown, if it is shown at all, that the parties agreed that the new contract should not take effect and be in force until it was

reduced to writing and signed by them.   That is for the jury to decide, if the question is hereafter raised.   In 9 Cyc., at p. 282, the matter is considered.

It does not appear clearly, as contended by the defendant, that the conversation as to the character of laborers to be employed occurred before or after the contract was originally made, and this requires the determination of a jury, nor does it appear that the giving of the bond, offered in evidence by plaintiff, a copy of which is annexed to the case, was a condition precedent to the performance of the defendant's promise to pay the twelve hundred dollars, but the contrary appears from Muth's testimony.

We need not consider the points arising upon the testimony as to the additional number of bricks required to build the pillars of the foundation, because of the peculiar lay of the ground at the site on his premises selected by the defendant for his residence.   The pillars were to be four feet high, and it was found that they would have to be two and one-half feet higher to conform to the irregular surface of the lot.   This matter need not be considered, nor that concerning the lights, because if plaintiff is entitled to recover anything, it was error to nonsuit him, and there is some evidence in the case which tends to establish his contention, as we have stated.

We have not discussed the facts or considered the merits of the case further than it was necessary to do so for obvious reasons.   When all of the facts are disclosed, the case may present a very different aspect, if it comes back to us.

The case will be remanded, with directions to set aside the nonsuit and try the case before another jury.

New trial.