HERMAN BREDE, Respondent, *v.* ROSEDALE TERRACE
COMPANY, Appellant.

*Contract — rescission — when contract for the purchase and
sale of real property cannot be summarily rescinded by purchaser
for alleged delay in improvements agreed to be made by vendor.*

1. Where a contract involving successive or continued acts is to be
performed in a reasonable time, delay, though it will give rise to a
cause of action for damages, will not always permit rescission. The
conduct of the parties, while the delay continues, may be such as to
indicate a purpose to keep the contract alive; and such a purpose
once manifested may not be suddenly abandoned.

2. Plaintiff contracted with defendant to purchase lots for a designated price, part to be paid in monthly installments. While the defendant was going forward with the work at a rate of progress which had evoked no protest, it was suddenly notified by plaintiff that the contract was at an end, and plaintiff began this action to recover what he had paid and to impress a lien on the lots. He contends that there had been delay in grading the streets and in other improvements which defendant had agreed to make and that for this delay he is entitled to rescind. *Held*, that this summary rescission of the contract was beyond the plaintiff's power; that, even if the defendant was bound to complete the improvements within a reasonable time, and that the rate of progress was too slow, this is not enough to justify plaintiff's rescission of the contract without notice to the defendant that the improvements must be hastened.

*Brede* v. *Rosedale Terrace Co.*, 158 App. Div. 494, reversed.

(Argued October 20, 1915; decided November 16, 1915.)

APPEAL from a judgment, entered November 6, 1913, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at Special Term and directing judgment in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin Reass, Hugo Hirsh* and *Emanuel Newman* for appellant. Where an executory contract does not fix the time for performance neither party can thereafter rescind the contract on account of delay of the other without notice to the other requiring performance within a reasonable time to be specified within the notice. (*Meyers* v. *De Mier*, 52 N. Y. 647; *Lawson* v. *Hogan*, 93 N. Y. 39; *Schmidt* v. *Reed*, 132 N. Y. 108; *McTague* v. *Sea Isle & C. L. B. Assn.*, 57 N. J. L. 427; *Dillon* v. *Masterson*, 7 J. & S. 133; 10 J. & S. 176; *Darrow* v. *Cornell*, 12 App. Div. 604; 30 App. Div. 115; *Simmons* v. *Ocean Causeway*, 21 App. Div. 30; *Wyckoff* v. *Woarms*, 118 App. Div. 699; *Schiffer* v. *Dietz*, 83 N. Y.

300; *Harris* v. *Troup,* 8 Paige, 422; *Barnett* v. *Sussman,* 116 App. Div. 859; *Cythe* v. *La Fontain,* 51 Barb. 186; *Davidson* v. *Associates of the New Jersey Co.,* 71 N. Y. 333; *Hubbell* v. *Von Schoening,* 2 Hun, 376; *Foland* v. *Italian Savings Bank,* 123 App. Div. 598; *Hun* v. *Bourdon,* 57 App. Div. 351.)

*Cyrus V. Washburn, John E. Ruston* and *Robert H. Koehler* for respondent.

CARDOZO, J.   The defendant is the owner of a tract of land which it describes as Rosedale Terrace.   It has mapped the tract and divided it into streets, and is selling the lots to seekers after suburban homes.   By a contract made in October, 1906, the plaintiff agreed to buy eight lots for $3,955.   He was to pay $300 at once, and the residue in installments of $20 a month.   He was also to pay interest on the unpaid balances, and taxes and assessments.   It would take fifteen years to complete the payments.   The plaintiff was not given any right of possession in the interval.   When full payment had been made, but not before, he was to receive a warranty deed.   The defendant also agreed "to grade all streets and plant shade trees thereon, and put down cement sidewalks."

The plaintiff made his payments every month until June, 1911.   He then stopped them without warning.   A year later he began this action to recover what he had paid, and to impress a lien upon the land.   He says that there has been undue delay in grading the streets, in planting the shade trees and in laying the cement sidewalks.   For this delay he says that he is entitled to rescind the contract.   The tract comprises about 115 acres.   Seventy-five blocks of cement sidewalk, or 27,000 feet, have already been laid; sixty-four blocks, or less than half, have yet to be laid.   In some blocks there is a cement sidewalk on one side only.   In the plaintiff's block there is a cement sidewalk on both sides.   The streets have been graded to some extent, though imperfectly and

roughly. Many shade trees have been planted. Many lots have been improved with dwellings. All this work was done without any protest by the plaintiff that it was going forward too slowly. He made no complaint when he stopped his payments. He made none, even after stopping payment, till this action was begun. About that time he seems to have insisted that a sidewalk must be laid in front of his lot; and this was promptly done. There is no evidence that at any time he asked for anything else. It is true there is an admission in the pleadings that a letter of demand was sent to the defendant, but there is no statement of the date of the demand or even of its nature. The defendant's performance had been something more than colorable, even though it may have been deficient. Going forward with the work at a rate of progress which had evoked no protest, it was suddenly informed by the plaintiff that the contract was at an end.

We think this summary rescission of the contract was beyond the plaintiff's power. We may assume that the defendant was bound to complete the improvements within a reasonable time, and that the rate of progress was too slow. That is not enough to justify the plaintiff's conduct. Where a contract involving successive or continued acts is to be performed in a reasonable time, delay, though it will give rise to a cause of action for damages, will not always permit rescission. The conduct of the parties, while the delay continues, may be such as to indicate a purpose to keep the contract alive; and such a purpose, once manifested, may not be suddenly abandoned (*McTague* v. *Sea Isle City Lot & Bldg. Assn.*, 57 N. J. Law, 427; *Graves* v. *White*, 87 N. Y. 463, 466). The situation in this case calls for the application of that principle. The contract was in course of performance; the defendant was laying sidewalks and improving streets at a rate which it may not unreasonably have supposed to be satisfactory to purchasers; the plaintiff, as he made his monthly payments without protest, accepted, or seemed to accept, the performance

as sufficient; the contract itself prescribed no standard to measure the diligence exacted; and the plaintiff was not at liberty to put an end to the contract without notice to the defendant that the improvements must be hastened. Notice in such circumstances is the plain requirement of good faith; and the requirement is one that the law has not ignored. In *Taylor* v. *Goelet* (142 App. Div. 467; 208 N. Y. 253) the defendant undertook to build a house and lease it to the plaintiff. No time of performance was stated, and performance was, therefore, due within a reasonable time. While the work was in progress, the plaintiff attempted to rescind the contract and recover his part payments on the ground of delay. There had been no warning that the work was advancing too slowly, and no opportunity offered to the defendant, after notice of the plaintiff's dissatisfaction, to hasten the pace. The court held that without such an opportunity the attempted rescission could not stand. That was an action at law. This action is in equity. Even more plainly in such an action must a suitor be held to the requirements of fair dealing (*Myers* v. *De Mier*, 52 N. Y. 647). If the plaintiff's dissatisfaction with the rate of progress was real, and not assumed, if it was something more than a convenient excuse for putting an end to payments that had become wearisome, and recovering payments already made, he ought to have expressed his dissatisfaction before abandoning the contract, and given the defendant an opportunity to mend its ways (*Lawson* v. *Hogan*, 93 N. Y. 39, 44; *St. Regis Paper Co.* v. *Santa Clara Lumber Co.*, 186 N. Y. 89; *McTague* v. *Sea Isle City Lot & Bldg. Assn., supra*).

The judgment of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, SEABURY and POUND, JJ., concur.

Judgment accordingly.