THE DANVILLE LUMBER AND MANUFACTURING COMPANY v. THE GALLIVAN BUILDING COMPANY ET ALS.

(Filed 3 January, 1919.)

**1. Appeal and Error—Instructions.**

When a charge, construed as a whole, is not to the appellant's prejudice it will not be considered as reversible error on appeal.

**2. Courts—Instructions—Weight of Evidence.**

Objection that a verdict is contrary to the weight of the evidence is directed to the legal discretion of the trial judge, whose action thereon will not be disturbed on appeal.

### 3. Appeal and Error—Instructions—Inadvertence—Harmless Error.

A slight inadvertence of the trial judge in his instructions to the jury which does not change the sense of the charge, construed as a whole, or tend to mislead the jury, will not be held as substantial or prejudicial error.

### 4. Appeal and Error—Objections and Exceptions—Instructions—Contentions.

An erroneous statement by the trial judge of the contentions of the parties must be called to his attention at the time to afford him an opportunity to correct it, or it will not be considered on appeal.

### 5. Waiver—Intent—Knowledge—Burden of Proof—Evidence.

Where there is evidence tending to show that the vendor, furnishing sash for a building, sent them to the vendee for the latter to examine to see if they were all right for the purpose, and after the former had made changes in accordance with suggestions the latter accepted and used them, it is sufficient for the jury to find that the intent of the vendee was to waive any defects therein, with knowledge thereof, the burden of proof being on the plaintiff to show an acceptance unless there had been a concealment of the defects by the defendant, in which case the burden would be upon the defendant.

### 6. Waiver—Definition—Estoppel.

The doctrine of waiver applies where a person knowingly and intentionally dispenses with the performance of an obligation owed by another to him, either expressly or impliedly, and while the doctrine of estoppel has a fundamental relationship to it, it is distinguishable in several of its features, as explained in the opinion.

APPEAL by defendant from *Shaw, J.,* at the June Term, 1918, of ROCKINGHAM.

*M. K. Harris, J. M. Sharp, and J. R. Joyce for plaintiffs.*
*Pharr & Bell for defendant.*

PER CURIAM. The Court is of the opinion that this case has been tried without any error in the Superior Court. The charge must be taken as a whole, and, thus construed, we do not find that there has been anything omitted or inserted to the defendant's prejudice; nor do we think it is subject to criticism as being one-sided.

The jury must have found that the ten samples of sash were not sent to defendant to be fitted to the openings, but to be examined and inspected to see if they were made according to the plans and specifications, and as they were retained without objection the plaintiff had the right to infer that they were satisfactory and would be accepted as a compliance with the contract, both as to material and workmanship, except as to those defects specified in the conversation at the mill and in the suggestions of Mr. Coughlin about the grooves and the beveling of the bottom of the sash, so as to fit them in instead of making them

square, and perhaps one other suggestion made in a letter that Coughlin wrote the next day. The court instructed the jury as to these matters, we think, very fully and impartially. They were questions of fact for the jury to decide, and after careful examination of all the evidence, the prayers for instructions, and the charge, we are unable to find any substantial ground upon which to assign error prejudicial to the defendant. There was strong evidence which would have warranted the jury in finding for the defendant upon all the issues, and it may be that they should have done so, but in this respect we have not the power to help the defendant, as the power to set aside a verdict which is erroneous in the jury's estimate of the weight which should have been given to the evidence belongs to the judge who presided at the trial. If the entire charge is considered, we think the jury were instructed, and must have understood how they should answer the issues, as they might find the facts to be, whether in favor of the one side or the other.

The jury answered the first two issues and the fourth in favor of defendant, and the third issue was the important one in settling the question in controversy. As to this issue, the judge instructed the jury as follows: "The third issue is, 'If not, did the Gallivan Building Company agree to accept said material as furnished by the plaintiff?' The burden is on the plaintiff to show this by the greater weight of the testimony. You will answer the issue 'Yes,' otherwise you will answer it 'No.'" It is true that immediately afterwards he did state the plaintiff's contention at some length, but he then gave the defendant's contention, his opening sentence being, "Now, the defendant contends you ought to answer that (third) issue 'No.'" He then stated at length the defendant's view concerning it, and we cannot see that the statement of the two contentions to the jury were not equally full, fair and impartial. The instruction as to the quality of the glass was not one-sided, when reference is made to the context of the charge upon the third issue. The judge had stated the plaintiff's contention and at the end of the statement gave the instruction to which the exception was taken. He then stated the defendant's contention as to the sash and the quality of the glass, and especially did he say that the defendant insisted that the issue should be answered in its favor—that is, "No." The jury must have understood from all this statement of the two contentions that if they found the facts to be as the plaintiff contended they would answer the third issue "Yes," and if as the defendant contended, they would answer it "No."

In an elaborate charge, slight inadvertence not changing the sense nor calculated to mislead the jury are not so substantial and prejudicial as to call for a reversal. We have held that if contentions are not properly stated, the attention of the court should then be called to the omis-

sion so that it may be supplied. The latest cases are *Muse v. Motor Co.,* 175 N. C., 466; *S. v. Davis,* 175 N. C., 724. See, also, *Jeffress v. R. R.,* 158 N. C., 215; *S. v. Johnson,* 172 N. C., 920; *S. v. Blackwell,* 162 N. C., 672; *McMillan v. R. R.,* 172 N. C., 853.

"Even if there is technical error, courts will not reverse when it is slight and it clearly appears that it is not substantial and could not have affected the result." *S. v. Davis, supra; Goins v. Indian Training School,* 169 N. C., 737; *Elliott v. Smith,* 173 N. C., 265.

As to the requirement of knowledge on the part of the defendant of any defects in the sashes or glazing to constitute a waiver of them, it cannot be denied that such is the law, because a man cannot be said to waive that of which he has no knowledge, and waiver is largely a matter of intent. But the jury could infer, as they seem to have done, that the sash were sent to defendant for inspection and not for fitting, and that defendant had acquired by examination the requisite knowledge of any defects. The charge sufficiently covered this question. But the third issue did not, in terms, present the question of waiver, but that of acceptance, for its form is, "Did the lumber company agree to accept the material as furnished by the plaintiff?" The judge properly placed the burden of this issue on the plaintiff, but if there had been any concealment of defects by it the burden of showing this would have been on the defendant. There was evidence of an acceptance, and the jury have found as a fact that there was one.

But upon the question of waiver it may be said that it takes place where one person dispenses with the performance of something which he has a right to exact of another, and it is said to be a technical principle introduced and applied by the courts for the purpose of defeating forfeitures. While it belongs to the family of estoppel and the doctrine of estoppel has a fundamental relation to it, being the foundation upon which it to some extent rests, they are nevertheless distinguishable terms, though it may be difficult to draw the distinction between them which will give to each a clear legal significance and scope, separate from and independent of the other, as they are not infrequently used by the courts as convertible terms, especially when dealing with insurance companies, and aid in the avoidance of forfeitures. There are, however, several essential differences between them, and they may be thus illustrated: Waiver is the voluntary surrender of a right, while estoppel is the refusal to permit its assertion because of the mischief that has been done. Waiver involves both knowledge and intention, the one being essential to the other; an estoppel may arise where there is no intent to mislead; waiver depends upon what one himself intends to do, and involves the acts and conduct of only one of the parties; estoppel involves the conduct of both. A waiver does not necessarily imply that one has

been misled to his prejudice or into an altered position, an estoppel always involves this element. Estoppel results from an act which may operate to the injury of the other party, waiver may affect the opposite party beneficially. Estoppel may carry the implication of fraud, and sometimes fraud is clearly, but not so in the case of waiver. The latter is a voluntary act and exists only where one with full knowledge of a material fact does or forbears to do something inconsistent with the existence of the right or of his intention to rely upon that right. "Knowledge of the existence of the right, benefit, or advantage on the part of the party claimed to have made the waiver is an essential prerequisite to its relinquishment. No one can be said to have waived that which he does not know, or where he has acted under a misapprehension of facts. Waiver or acquiescence, like election, presupposes that the person to be bound is fully cognizant of his rights, and that being so he neglects to enforce them, or chooses one benefit instead of another, either, but not both, of which he might claim. The knowledge may be actual or constructive; one cannot be willfully ignorant and relieve himself from a waiver because he did not know. The question of waiver is mainly one of intention, which lies at the foundation of the doctrine. Waiver must be manifested in some unequivocal manner, and to operate as such it must in all cases be designed, or one party must have so acted as to induce the other to believe that he intended to waive, when he will be forbidden to assert the contrary.

Since intent is an operation of the mind it should be proven and found as a fact and is rarely to be inferred as a matter of law. It should clearly be made to appear by the evidence, and the best evidence of intention is to be found in the language used by the parties, though it may appear in their conduct. The true inquiry is what was done, said or written, and whether it indicated the alleged intention. The secret understanding or intent of the parties is immaterial on the question of waiver. As we have said, which is important in this case, the intention need not necessarily be proved by express declarations, but may be shown by the acts and conduct of the parties, from which it may reasonably be inferred, or even by nonaction on their part. Mere silence at a time when there is no occasion to speak is not a waiver, nor evidence from which waiver may be inferred, especially where such silence is unaccompanied by any act or conduct calculated to mislead.

Briefly defined, therefore, waiver is the intentional relinquishment of a known right, either express or to be implied from acts or conduct. 29 A. &. E. Enc., 1091; 40 Cyc., 254 *et seq.* Bishop on Contracts, sec. 792, thus defines waiver: "It is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with

the existence of the right or of his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterwards." *R. R. v. Burwell,* 56 Fla., 217, esp. at p. 228; *Fraser v. Ins. Co.,* 114 Wis., 510, 523; *Rice v. Fid. & Dep. Co., supra; Reid v. Field,* 96 Va., 26, 33; *R. R. v. Hendricks,* 108 S. W., 745, 749; *Thompson v. Gormer,* 36 Pac. (Cal.), 434, where the Court says, quoting from 2 Herman on Estoppel, sec. 825: "A waiver takes place where a man dispenses with the performance of something which he has a right to exact. A man may do that not only by saying that he dispenses with it, that he excuses the performance, or he may do it as effectually by conduct which naturally and justly leads the other party to believe that he dispenses with it. There can be no waiver unless so intended by one party, and so·understood by the other, or one party has so acted as to mislead the other."

It is said in 29 A. & E., at pp. 1095, 1096: "The intent to waive may appear as a legal result of conduct. The actuating motive, or the intention to abandon a right, is generally a matter of inference to be deducted with more or less certainty from the external and visible acts of the party and all the accompanying circumstances of the transaction, regardless of whether there was an actual or expressed intent to waive, or even if there was an actual but undisclosed intention to the contrary. The decisions declaring intent to be the essence of waiver recognize that the intent may be inferred from a party's conduct." This is more like an estoppel. The intent, though, may be inferred by the jury. *Rice v. F. & D. Co.,* 103 Fed., 427, 435.

The above definitions and illustrations· of this ever-recurring principle of the law will be met with frequently in the books, as above shown. The difficulty is in the application of the doctrine to any given case. Under the evidence and a .correct charge of the court, the jury have found that the sash were sent to defendant for inspection, so that defects, if any, might be noted, as they were to serve as models for the remaining lot. Certain defects were pointed out, and there being no further complaint the jury found that the others, if any, were waived. If they were concealed, so as not to be discoverable by a reasonable and careful inspection, the jury have not so found.

We repeat that the .issue involved was largely, if ·not wholly, one of fact. The judge, we think,. fairly and understandingly presented the questions of law to the jury. If the defendant inspected the goods and had a fair opportunity to do so, and was not prevented from a discovery of any defects by concealment or otherwise (these being questions· for the jury), and specified certain defects, the jury might infer knowledge and a waiver of any other defects. The fault, if any, was with the jury in finding the facts contrary to the weight of the .evidence and the de-

fendant's contentions, but this could only be corrected and the matter set right by the intervention of the judge, in the exercise of his discretion, to grant a new trial.

It must be certified that no reversible error appears in the record.

No error.