PHILIP MAKES, Respondent, v. COMMUNITY FOUNDERS, INC., Appellant.— Judgment unanimously affirmed, with costs. The letter of July 31, 1928, and those prior thereto show the continued insistence of plaintiff that defendant carry out the improvement guaranty contract which the court found was not performed even at the time of the trial herein. The plaintiff had exercised his right, after having made half the payments due, to take a deed and give back a mortgage for the balance. He was entitled at this time to have the improvement guaranty contract carried out. Giving the defendant the most favorable view of the time within which this improvement contract should be carried out, it appears that the improvements were not completed within sixty days after the last letter, that of July 31, 1928, had been written, and the amply sustained findings are that they were never completed even after the commencement of this action, the action not having been commenced until nine months after the July 31, 1928, letter was written. The defendant knew that plaintiff was insisting upon performance of the improvement guaranty contract. It was apprised that the plaintiff was going to avail himself of the right to a rescission on the theory that the contract had not been performed within sixty days after notice of such insistence by the plaintiff, which notice at least had, by July 31, 1928, been given to the defendant. This is so even though the letters from the plaintiff insisting upon such compliance contained erroneous declarations as to the effect of non-compliance, with the exception of the letter of July 31, 1928, which letter in turn

---

contained an erroneous construction of the effect of the prior letters upon the starting of the running of the sixty-day period as against the defendant. Since the defendant did not perform the improvement guaranty contract within sixty days after the letter of July 31, 1928, nor even within nine months thereafter, when action was instituted in rescission, the right to a recovery on that theory should be sustained. Nothing that plaintiff did in any way misled this defendant as to his attitude with respect to insistence upon performance of the improvement guaranty contract. *Brede* v. *Rosedale Terrace Co.* (216 N. Y. 246) may be distinguished on the facts. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.