Alfred N. Hammerston, Appellant, v. Woodwell Holding Corporation, Respondent.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Carswell and Davis, JJ., concur; Kapper, J., with whom Scudder, J., concurs, dissents and votes to reverse and to grant judgment for plaintiff, with the following memorandum: The fact that a deed passed while installment payments were being

---

* Affd., 262 N. Y. 627.

made did not leave plaintiff without the remedy of rescission. (*Makes* v. *Community Founders, Inc.*, 232 App. Div. 778.) The purchase, as is always the case with these sales of lots in contemplated developments, was induced because of promised improvements. These improvements were neither wholly nor substantially installed at the time promised, time here being of the essence of the contract, and when plaintiff demanded a return of his money as soon after the date fixed for completion as he saw the property, the conditions were obviously such as to constitute a breach of the contract. The finding that when plaintiff demanded his money back the promised improvements were in a state of substantial completion is wholly devoid of evidence for its support.