D. R. REESE v. F. H. CLARK.

(Filed 20 June, 1934.)

1. Assault A c—Employee may use force appearing reasonably necessary in self-defense against striker trespassing upon property.

The evidence tended to show that plaintiff, with a multitude of people, went to the mill in which defendant was employed, climbed upon the boiler and blew the whistle to get the employees therein to join plaintiff and other employees of another mill in a strike, and that thereupon defendant threw acid upon plaintiff, resulting in the injury in suit. The trial court submitted issues of whether plaintiff was a trespasser, placing the burden of proof thereon upon defendant, whether defendant assaulted plaintiff, whether the assault was malicious, and issues of compensatory

and punitive damages, and instructed the jury that if defendant used
more force than to him appeared reasonably necessary in self-defense
against plaintiff, even if he were a trespasser, defendant would be guilty of
assault. *Held,* the issues arose upon the pleadings and evidence and an
exception thereto is not sustained, and the instruction relating to self-
defense was without error.

**2. Appeal and Error F a: Trial E f—**

Exceptions in the statement of the contentions of a party will not be
considered on appeal when such exceptions were not taken at the trial.

**3. Appeal and Error J g—**

Where the answers of the jury to the first two issues determine the
rights of the parties, discussion of the subsequent issues and the charge
relative thereto becomes unnecessary.

APPEAL by plaintiff from *Sink, J.,* at October Term, 1933, of GUIL-
FORD. No error.

On 18 July, 1932, the defendant was an employee of and was work-
ing at the plant of the Melrose Hosiery Mill, in High Point. There is
evidence tending to show that the plaintiff left the mill where he was
working and with a multitude of people went to the mill where the
defendant was working, and climbed over the fence of the Melrose
Hosiery Mill, and crawled upon the boiler and blew the whistle to get
the hands to stop work and join him and others in a strike; and there
is evidence further tending to show that the defendant, who was work-
ing about the engine and boiler room of the Melrose Hosiery Mill, in an
effort to protect himself from the threatening and menacing attitude
of the plaintiff, and those accompanying him, threw acid upon the
plaintiff, thereby causing him some injury.

The issues submitted were as follows:

1. Did the plaintiff, without attaining a lawful permit make entry
into the lands and tenements of the Melrose Hosiery Mill with strong
hands and with a multitude of people in a forceful manner in violation
of the laws of the State of North Carolina? (C. S., 4300.) Answer:
............

2. Did the defendant assault the plaintiff? Answer: ............

3. If so, was such assault wanton and malicious? Answer: ............

4. What compensatory damage, if any, is the plaintiff entitled to
recover from the defendant? Answer: ............

5. What punitive damage, if any, is the plaintiff entitled to recover
from the defendant? Answer: ............

The jury answered the first issue Yes, and the second issue No, and
left the third, fourth and fifth issues unanswered.

From judgment for the defendant, the plaintiff appealed to the
Supreme Court, assigning errors.

*Garland B. Daniel, S. G. Daniel and King & King* for appellant.
*Gold, McAnally & Gold, Frazier & Frazier and T. W. Albertson* for appellee.

SCHENCK, J. The plaintiff objected to the issues submitted, more particularly to the first. We think these issues clearly arise upon the pleadings in this case. Without objection the court omitted a statement or review of the evidence, but did in a clear and correct manner state the contentions of the parties and "declare and explain" the law arising on the evidence. The trial judge charged the jury as to the law of trespass and properly placed the burden of proof upon the defendant on the first issue and the jury answered in the affirmative, thereby finding that the plaintiff was a trespasser. The court upon the second issue explained the law of assault, correctly charging as to the right of the defendant of self-defense as against trespassers; and carefully explained to the jury that if the defendant by throwing the acid used more force than appeared to him reasonably necessary, or for any other purpose than protecting himself, even if the plaintiff was a trespasser, the defendant would be guilty of an assault. The jury answered this issue in the negative.

The plaintiff in this case is in practically the same position as the prosecutor occupied in *S. v. Goode,* 130 N. C., 651, where the Court, on page 655, said: "Whether the force used by the defendant was excessive is matter for a jury. Indeed, if this evidence is to be believed, the prosecutor was a law-breaker, and is himself in jeopardy of the judgment for his violence and his defiant disregard of the rights of the defendant."

We think the plaintiff's prayer for special instructions are untenable. The exceptions to the charge are largely to the statement of the defendant's contentions and were not taken at the trial, and therefore cannot be considered here. *Mfg. Co. v. Building Co.,* 177 N. C., 103. And aside from this we see no error in the exceptions.

The jury having answered the first and second issues in favor of the defendant, any discussion of the subsequent issues and charge relative thereto becomes unnecessary. The verdict and judgment will be upheld.

No error.