C. J. TOWERY AND GLENN TOWERY, SURVIVING PARTNERS OF TOWERY'S DAIRY; C. J. TOWERY, EXECUTOR OF THE WILL OF W. J. TOWERY; GLENN TOWERY; AND NELLIE TOWERY v. CAROLINA DAIRY, INC.

(Filed 15 April, 1953.)

**1. Contracts § 18—**

Where there is a breach of a contract or some provision thereof which does not go to the substance of the whole contract and indicate an intention to repudiate it, the breach may be waived by the innocent party, who may elect to treat the contract as still subsisting and continue performance on his part.

**2. Pleadings §§ 17c, 28—**

Extraneous matter *dehors* the pleadings may not be considered either on demurrer or on motion for judgment on the pleadings.

**3. Limitation of Actions § 6d—Pleadings held not to show as matter of law that the action for breach of contract was barred.**

Where plaintiffs' complaint alleges a breach of a provision of the contract between the parties by defendant but further alleges matter disclosing a waiver of such breach by plaintiffs, and that plaintiffs' continued performance on their part thereafter until a subsequent breach by defendant of the entire contract less than three years prior to the institution of the action, *held* the complaint does not permit the inference, as a matter of law, that action on the contract is barred by the three-year statute of limitations, and this result is not affected by a self-serving declaration by defendant that the contract was breached at the earlier date.

APPEAL by plaintiffs from *Crisp, Special Judge,* September Term, 1952, CLEVELAND. Reversed.

Civil action to recover damages for breach of contract, heard on motion for judgment on the pleadings.

Summons herein was issued 8 November 1950 and served on defendant 9 November 1950.

The plaintiffs allege that on 15 December 1944, Towery's Dairy, a partnership of which they are the present owners, was engaged in the production and retail sale of milk; that on said date said partnership entered into a contract with defendant in substance as follows:

The partnership contracted to sell and the defendant agreed to purchase all the milk produced by the partnership's dairy for a period of five years. The beginning price was $4.30 per hundred pounds, which wholesale price was based upon the retail price of milk which was then 16c per quart. It was agreed that if the retail price of milk should be raised by defendant, then it would increase the price paid the partnership by three-fourths of said increase, and if the retail price should be decreased, the price paid the partnership should be decreased by three-fourths of the decrease in the retail price. In consideration of the agreement on the part of the partnership to discontinue its retail sale of milk and turn its retail routes over to it, the defendant agreed to pay the partnership an additional $1.25 per hundred pounds of milk delivered under the contract.

They further allege that on 16 May 1947 the retail price of milk was increased by defendant, but it breached its contract by failing and refusing to increase the wholesale price paid as it was, under its contract, obligated to do, but it did continue to pay the $1.25 per hundred pounds premium price. The partnership continued to make delivery under the contract, and to accept payment minus the increase in price due it, until 19 January 1949, on which date defendant "further violated the terms of its contract" by refusing to accept delivery of any milk from the partnership unless it would agree to waive and relinquish the premium payment of $1.25 per hundred pounds. The partnership refused to agree to such modification of the contract and thereupon defendant refused to accept any further deliveries of milk, thereby breaching its contract.

Plaintiffs allege various elements of damages including the loss resulting from the refusal of defendant in 1947 to increase the price to be paid plaintiffs.

The pleadings filed include two demurrers. The first demurrer was overruled. Apparently the second one has not been heard and no judgment has been entered thereon.

When the cause came on for trial in the court below, after the reading of the pleadings, the defendant, through counsel, "stated in open court that any contract referred to in the pleadings if breached by the defendant was breached at the time or times alleged in the complaint . . . and requested the court to find from the allegations contained in the pleadings

and the aforesaid admission of the defendant that the action was barred by the three-year statute of limitations . . ." Thereupon, the court entered judgment as follows:

"THE COURT HOLDS that this action of the plaintiffs is barred by the three-year statute of limitations, and it is so ordered, adjudged and decreed."

Plaintiffs excepted and appealed.

*Horace Kennedy and Horn & West for plaintiff appellants.*
*D. Z. Newton and Peyton McSwain for defendant appellee.*

BARNHILL, J.   Whether the "request" made by counsel for defendant be treated as a demurrer or a motion for judgment on the pleadings, the judgment entered thereon was erroneous and must be vacated.

While the breach of a continuing contract may justify a termination of the contract by the innocent party, the mere fact a breach of one of the provisions of the contract has been committed by one party does not necessarily accomplish that result, as the party not in fault may elect to waive the breach and continue performance regardless of the breach.   *Lowell v. Wheeler's Estate,* 112 A. 361; *Dudzik v. Degrenia,* 57 A.L.R. 823; *Miller v. Mantik,* 81 A. 797; *Cook & Bernheimer v. Hagedorn,* 131 N.E. 788; *Thomas-Bonner Co. v. Hooven O. & R. Co.,* 284 F. 377.

Where there is a breach of a contract or some provision thereof which does not go to the substance of the whole contract and indicate an intention to repudiate it, the breach may be waived by the innocent party. *Non constat* such breach, he may elect to treat the contract as still subsisting and continue performance on his part.   *Manufacturing Co. v. Lefkowitz,* 204 N.C. 449, 168 S.E. 517; *Manufacturing Co. v. Building Co.,* 177 N.C. 103, 97 S.E. 718; *Sinclair Refining Co. v. Costin,* 116 S.W. 2d 894; 12 A.J. 967-8; 17 C.J.S. 981-2, 992.

Here, while plaintiffs plead the breach in 1947 of one of the provisions of the contract sued upon, they further allege facts showing a waiver on their part and continued performance; and the defendant, in its answer, expressly pleads waiver.   Even so, the defendant moves the court to dismiss the action for that it is barred by the three-year statute of limitations and bases its motion on a unilateral, self-serving, conditional admission that the contract was breached in 1947, more than three years prior to the institution of this action.   The judgment entered clearly indicates the court below considered this admission in arriving at its conclusion that the action of the plaintiffs is now barred by the applicable statute of limitations.

In this there was error.   Extraneous matter *dehors* the pleadings may not be considered either on demurrer or on motion for judgment on the

pleadings. "The presiding judge should consider the pleadings, and nothing else. . . . He should not hear extrinsic evidence, or make findings of fact." *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384, and cases cited; *Raleigh v. Fisher,* 232 N.C. 629, 61 S.E. 2d 897.

In any event, the allegations made by plaintiffs are sufficient to repel an attack by demurrer and the facts pleaded by them will not permit the inference, as a matter of law, that their action is barred by the three-year statute of limitations. On the allegations made, one provision of the contract was breached in 1947. But plaintiffs elected not to treat the breach as a repudiation. Thereafter, they continued performance by delivering to defendant—and defendant accepted delivery of—"all the milk produced by Towery's Dairy" as provided by the contract, until 1949. Hence plaintiffs are entitled to be heard on their claim for damages alleged in the complaint.

The other questions debated in the briefs and on oral argument are not presented for decision.

The judgment entered in the court below is

Reversed.