MARY LOU WHEELER v. RAYMOND W. WHEELER

No. 82

(Filed 1 April 1980)

1. **Contracts § 23— waiver of breach of contract**

    A party may waive the breach of a contractual provision or condition without consideration or estoppel if (1) the waiving party is the innocent, or nonbreaching, party; (2) the breach does not involve total repudiation of the contract so that the nonbreaching party continues to receive some of the bargained-for consideration; (3) the innocent party is aware of the breach; and (4) the innocent party intentionally waives his right to excuse or repudiate his own performance by continuing to perform or accept the partial performance of the breaching party.

2. **Contracts § 23; Divorce and Alimony § 25.12— separation agreement—waiver of breach of child visitation provisions**

    In an action to recover alimony payments due under a separation agreement which provided that alimony was payable "so long as plaintiff observes and performs the conditions of this contract" wherein defendant alleged that his failure to pay alimony was excused by plaintiff's breach of the child visitation provisions of the agreement, the trial court adequately instructed the jury on the issue of defendant's waiver of plaintiff's breach of the visitation provisions by continuing performance of his duties under the contract, including charging the jury on the element of intent, and the court did not err in failing to charge that additional consideration or equitable estoppel was necessary in order to have a valid waiver.

3. **Husband and Wife § 11.1; Divorce and Alimony § 25.12— separation agreement —breach of visitation provisions—excusal of duty to pay alimony**

    Where a separation agreement required defendant to pay alimony to plaintiff "so long as plaintiff observes and performs the conditions of this con-

tract," plaintiff's breach of the child visitation provisions of the agreement would excuse defendant's duty to pay alimony.

ON motion for discretionary review of a decision of the Court of Appeals, 40 N.C. App. 54, 252 S.E. 2d 106 (1979) granting new trial from judgment entered by *Brown, Judge*, at the 24 October 1977 Session of MECKLENBURG County District Court. This case was docketed and argued as No. 40 at the Fall Term 1979.

This action was instituted by plaintiff on 8 October 1975 seeking back payment of alimony allegedly owed her by defendant pursuant to the terms of a separation agreement. In answer to plaintiff's complaint, defendant alleged his breach was excused because the plaintiff had willfully failed to perform the conditions of the contract.

Testimony at trial indicated that plaintiff, a school teacher, and defendant, a physician, were married in 1942. Against plaintiff's wishes defendant left the marital home in early 1956 and the parties entered into a written separation agreement on 13 July of that year. The written agreement provided that plaintiff, Mrs. Wheeler, agreed to relinquish all rights she had as a lawful spouse, agreed to assume custody of the three minor children, agreed to allow defendant to visit the children at his option, agreed to assume the mortgage and continue making payments on the family home, agreed to allow defendant to declare the children as his deductions for both federal and state income tax purposes and agreed she would make no claims upon defendant for child support beyond the amount specified in the contract. In turn defendant, Dr. Wheeler, promised to relinquish all marital claims on plaintiff, promised to pay $400.00 per month alimony and $50.00 per month child support for each child. He also promised to repay a $1,400.00 home loan down payment and agreed to convey to plaintiff title to the home, title to a 7-year-old car and title to all the household and kitchen furniture. Defendant's duty to pay child support existed until each child reached 18, died or was married. If the child attended college, payments were to continue until age 21. Defendant's duty to pay alimony was conditional, however, and was payable only "so long as plaintiff observes and performs the conditions of this contract." Defendant divorced plaintiff in 1958 or 1959 and subsequently remarried.

At trial, defendant testified that from the time of the separation agreement in 1956 until approximately 1964, he had great difficulty in asserting his child visitation rights. He testified, "There was always a reason why it wasn't convenient for them to come, and it usually resulted in either their not coming or my insisting." In 1964, he gave up trying to enforce his visitation rights, but continued to pay child support until each child reached age 21. He also continued paying alimony until July of 1975, at which time he stopped and plaintiff initiated this action.

Plaintiff denied she had breached her duty to allow visitation rights and produced the testimony of her children tending to show that as children they disliked visiting their father because of the intrusive presence of his second family. Their testimony also tended to show that defendant had made little or no attempt to visit them when they got older and had in fact refused to attend their weddings and graduations.

At the close of the evidence, Judge Brown denied both plaintiff's and defendant's motions for directed verdict and submitted the case to the jury. The jury found that plaintiff had breached the contract of separation by failing to provide the defendant with visitation rights. It also determined that defendant had waived his right to assert those visitation rights by failing to enforce them after 1964. The jury awarded plaintiff $11,200.00 for defendant's failure to pay alimony since 1975.

Defendant appealed. The Court of Appeals found that the judge's instructions to the jury concerning the issue of defendant's waiver were erroneous, and remanded the case for a new trial. We allowed discretionary review of this decision 1 May 1979.

*Charles T. Myers, Myers, Ray & Myers, for the plaintiff appellant.*

*Ernest S. Delaney, Jr., Delaney, Millette, DeArmon & McKnight, for defendant appellee.*

CARLTON, Justice.

I.

At issue in this case is the sufficiency of the jury charge on waiver where the evidence indicated that defendant continued

performing his contractual duties and continued accepting plaintiff's partial performance of her contractual duties for some eleven years after plaintiff's breach. We find that the jury charge was sufficient on the issue of waiver and reverse the Court of Appeals.

The judge charged the jury in pertinent part:

[D]id the defendant waive the express terms of the contract relating to his visitation rights? . . . Waiver is an intentional surrender of a known right or privilege. This intention may be express or implied from acts or conduct which naturally and justly leads the other party to believe that the right has been intentionally foregone. There can be no waiver unless intended by one party, in that case the defendant, and so understood by the other, in this case the plaintiff; or, unless one party has acted so as to mislead the other. In this case, the plaintiff, Mrs. Wheeler, contends and the defendant disagrees, that the defendant waived the exact visitation rights specified in the contract by failing to ask for or exercise those rights after some period in the nineteen sixties and continued to send alimony payments until 1975. The defendant contends he never intended to give up or waive his visitation rights under the contract reached between the parties in 1956. A party who waives certain rights cannot thereafter assert those rights. So Members of the Jury, if you find from the evidence, and by its greater weight, that the defendant intentionally surrendered his visitation rights as granted in the original Separation Agreement between the parties, you will answer Issue No. 2 "Yes", in favor of the plaintiff, Mrs. Wheeler. On the other hand, if you fail to so find by the greater weight of the evidence, you will answer Issue No. 2, "No" in favor of Dr. Wheeler.

The Court of Appeals held that such a charge was inadequate, reasoning that an agreement to alter the terms of a contract is treated as another contract and must be supported either (1) by additional consideration, *Lenoir Memorial Hospital, Incorporated v. Stancil*, 263 N.C. 630, 139 S.E. 2d 901 (1965) or (2) by evidence that one party intentionally induced the other party's detrimental reliance, the doctrine of equitable estoppel, *Matthieu v. Piedmont Natural Gas Company*, 269 N.C. 212, 152 S.E. 2d 336 (1967).

Wheeler v. Wheeler

While we agree that an *agreement* to alter the terms of a contract must be supported by new consideration, *Lenoir Hospital v. Stancil, supra; Restatement of Contracts* § 297, Comment c, we note that *continued performance* or *continued acceptance of performance* by an innocent party after partial breach of a contract involves another legal principle entirely. Such behavior constitutes a valid waiver of a contractual provision and does not need to be supported by additional consideration or estoppel to effect a binding agreement.

It is well settled in other jurisdictions that after one party has breached a contractual provision, the nonbreaching party has a choice between alternate courses of conduct. He may terminate his further liability and recover damages or he may continue the contract, choosing to receive the promisee's defective performance and regarding his right to damages as adequate compensation. *Restatement of Contracts* § 309; 4 Corbin, *Contracts* § 954; Simpson, *Contracts* § 171; J. Calamari & J. Perillo, *Contracts* § 11-37. *See also, Sitlington v. Fulton,* 281 F. 2d 552 (10th Cir. 1960); *Lichter v. Goss,* 232 F. 2d 715 (7th Cir. 1956); *Graham v. San Antonio Machine & Supply Corporation,* 418 S.W. 2d 303 (Tex. Civ. App. 1967). Where the promisor chooses the second alternative, cases speak of the promisor's *waiver by continuing to perform or to receive performance. See, e.g., Brunswick Corporation v. Vineberg,* 370 F. 2d 605 (5th Cir. 1967); *K. & G. Construction Company v. Harris,* 223 Md. 305, 164 A. 2d 451 (1960); J. Calamari & J. Perillo, *supra* at § 11-37; Simpson, *supra* at § 171; 3a Corbin, *supra* at § 755; 5 Williston, *Contracts* § 688. Because such a waiver is not a mere promise, but is instead a continuation of performance, sometimes called an election by conduct, it is binding without consideration or estoppel. J. Calamari & J. Perillo, *supra* § 11-37 at 451; Simpson, *supra* at § 171; *Restatement of Contracts* § 309. *See, e.g., Brede v. Rosedale Terrace Company,* 216 N.Y. 246, 110 N.E. 430 (1915).

While cases in our own jurisdiction do not specifically label the doctrine "waiver by performance" or "waiver by continuing to accept performance," they do make clear that the same legal principles apply. In *Towery v. Carolina Dairy, Incorporated,* 237 N.C. 544, 75 S.E. 2d 534 (1953), plaintiff dairy continued performing under the terms of a requirements contract even after defendant milk distributor had failed to escalate the price it paid for the

plaintiff's milk as it was required to do under the terms of the contract. Even without evidence of additional consideration or estoppel, this Court held that such facts were evidence of a valid waiver, stating:

> While the breach of a continuing contract may justify a termination of the contract by the innocent party, the mere fact a breach of one of the provisions of the contract has been committed by one party does not necessarily accomplish that result, as the party not in fault may elect to waive the breach and continue performance regardless of the breach. *Lowell v. Wheeler's Estate*, 112 A. 361; *Dudzik v. Degrenia*, 57 A.L.R. 823; *Miller v. Mantik*, 81 A. 797; *Cook & Bernheimer v. Hagedorn*, 131 N.E. 788; *Thomas-Bonner Co. v. Hooven O. & R. Co.*, 284 F. 377.

> Where there is a breach of a contract or some provision thereof which does not go to the substance of the whole contract and indicate an intention to repudiate it, the breach may be waived by the innocent party. *Non constat* such breach, he may elect to treat the contract as still subsisting and continue performance on his part. *Manufacturing Co. v. Lefkowitz*, 204 N.C. 449, 168 S.E. 517; *Manufacturing Co. v. Building Co.*, 177 N.C. 103, 97 S.E. 718; *Sinclair Refining Co. v. Costin*, 116 S.W. 2d 894; 12 A.J. 967-8; 17 C.J.S. 981-2, 992.

*Id.* at 546, 75 S.E. 2d at 535-36.

In *Danville Lumber and Manufacturing Company v. Gallivan Building Company*, 177 N.C. 103, 97 S.E. 718 (1919), a buyer accepted defective window sashes after he inspected them and knew of the defective condition. This Court there held this acceptance to be a waiver of the buyer's right to excuse his own performance, stating, "Waiver or acquiescence, like election, presupposes that the person to be bound is fully cognizant of his rights, and that being so he neglects to enforce them." *Id.* at 107, 97 S.E. at 720. The *Danville Manufacturing* Court did not require additional consideration or evidence of estoppel to enforce the contract but instead concluded that the foundation of the doctrine was *intention* which "should be proven and found as a fact and is rarely to be inferred as a matter of law." *Id.*, 97 S.E. at 720.

In *Industrial Lithographic Company v. Mills*, 222 N.C. 516, 23 S.E. 2d 913 (1943), this Court reversed a lower court's order of

compulsory reference in an accounting action for damages for breach of an exclusive dealership contract where there was some evidence that the plaintiff had known that defendant dealer was selling products other than the plaintiff's and had acquiesced to that breach. Again, there was no showing of consideration or estoppel. The Court made clear that the crucial question was whether plaintiff intended to waive the breach, and that this factual determination had to be made prior to any compulsory reference.

More recently, in *Fairchild Realty Company v. Spiegel Incorporated*, 246 N.C. 458, 98 S.E. 2d 871 (1957), this Court held that where a landlord received rent after full knowledge of tenant's breach of a lease condition, the landlord's behavior constituted a waiver of its contractual right to terminate the lease. The reasoning of the Court was that where a party accepted continuing benefits under the contract, with full knowledge of a prior breach, he waived his right to declare the contract terminated for the prior breach.

[1]  From these cases it is clear that in this jurisdiction, a party may waive the breach of a contractual provision or condition without consideration or estoppel if

(1) The waiving party is the innocent, or nonbreaching party, and

(2) The breach does not involve total repudiation of the contract so that the nonbreaching party continues to receive some of the bargained-for consideration. Generally this means either that the contract involved is a continuing one, such as the requirements contract in *Towery v. Carolina Dairy, supra*, or the exclusive dealership contract in *Industrial Lithographic v. Mills, supra*, or it means that the breach of the contractual provision did not go to the totality of the contract as the defective delivery in *Danville Manufacturing v. Gallivan* was not a total failure of consideration, and

(3) The innocent party is aware of the breach, and

(4) The innocent party intentionally waives his right to excuse or repudiate his own performance by continuing to perform or accept the partial performance of the breaching party.

It seems to make little difference in the case law whether the breach of the contract provision was allegedly material or not. The mere fact that the nonbreaching party elects to continue performance or accept performance is enough to trigger the waiver. The presumption is that a party's intentional election to continue performing or receiving performance after knowledge of a breach is an indication that he does not consider the contract totally repudiated and in fact probably still receives considerable benefit under it. This would not be the case, of course, if the nonbreaching party's election was elicited by duress or exigent circumstances, *see, e.g., Rose v. Vulcan Materials Company*, 282 N.C. 643, 194 S.E. 2d 521 (1973).

In the case *sub judice*, there is abundant evidence that defendant waived the visitation provisions of the contract by continuing to accept plaintiff's alleged faulty performance of her duties under the separation agreement and by continuing his own performance in the face of plaintiff's breach:

(1) The jury found that defendant was the initial non-breaching party.

(2) The breach did not involve a total repudiation of the contract and defendant continued receiving some of his bargained-for consideration from plaintiff's defective performance. Thus while plaintiff may have failed to allow adequate visitation rights, she continued to keep custody of the children, continued not to declare them as dependents for tax purposes, and continued to make no claim for more child support over a period of some 15 years during which time she sent all three to college without additional financial assistance from defendant. The fact that defendant continued performing his part of the bargain is some indication that he continued to receive benefits from plaintiff's partial performance, not the least of which, we note, was his double tax benefit at being able to declare both alimony payments and the children as deductions.

(3) The defendant was clearly aware of the breach and testified to that effect.

(4) Based on testimony such as this:

I knew there were ways I could get a judge here in Mecklenburg County to issue an order giving me visitation rights

that I wanted. It is correct that I purposely refrained from going to court and getting an order from a judge setting forth visitation rights. This was for a very good reason. I have never gone to court. I testified that about 1964 or 1965 I just quit altogether in attempting to see my children. I was a very busy man during the time the children were seeing me even though it was limited. I spent 55 or 60 hours a week in my profession of being a doctor.

and other evidence, the jury found that defendant had intentionally waived his right to assert his rights at plaintiff's breach.

[2]  Although the judge did not instruct the jury on the need for additional consideration or the need for evidence of estoppel in order to have a valid waiver, he did give an adequate statement of the law as it relates to the doctrine of waiver by continuing performance, including charging the jury on the central factual issue of intention. Accordingly, we hold the jury charge was adequate and therefore reverse the decision of the Court of Appeals on this issue.

II.

[3]  Plaintiff, however, also asserts on this appeal that her motion for directed verdict should have been granted. She cites *Smith v. Smith*, 225 N.C. 189, 34 S.E. 2d 148 (1945) and *Williford v. Williford*, 10 N.C. App. 451, 179 S.E. 2d 114, *cert. denied*, 278 N.C. 301 (1971), to the effect

(1) that it is not every violation of the terms of a separation agreement by one spouse that will exonerate the other from performance; (2) that in order that a breach by one spouse of his or her covenants may relieve the other from liability from the latter's covenants, the respective covenants must be *interdependent rather than independent;* and (3) that the breach must be of a substantial nature, must not be caused by the fault of the complaining party, and must have been committed in bad faith. (Emphasis added.)

*Smith v. Smith, supra* at 197-98, 34 S.E. 2d at 153; *Williford v. Williford, supra* at 455, 179 S.E. 2d at 117. She argues that her breach did not excuse defendant's duty to pay alimony.

In *Smith, supra,* this Court held that a husband's covenant to pay alimony was not conditioned on his wife's covenant not to molest him and so held that her molesting did not excuse his duty to pay. In *Williford, supra,* the Court of Appeals held that payment of the wife's support and maintenance was entirely independent of her husband's right to visit his children under a separation agreement. Her breach of those visitation rights did not excuse his duty to pay alimony. In both of those cases, however, the contract being construed did not condition alimony payments on performance of visitation rights. Here, defendant has contracted to pay alimony only so long as plaintiff "performs the conditions of the contract." Each party's respective duties are clearly interdependent, not independent, and defendant's duty to pay alimony existed only so long as plaintiff performed her duties under the contract. To argue therefore that plaintiff's breach did not excuse defendant's duty to pay alimony is to ignore the clear language of the separation agreement and to overlook the central place the law of contracts has in interpreting separation agreements. *See, e.g., Lane v. Scarborough,* 284 N.C. 407, 409-10, 200 S.E. 2d 622, 624 (1973); *Stanley v. Cox,* 253 N.C. 620, 635, 117 S.E. 2d 826, 836 (1961); 24 Am. Jur. 2d, *Divorce and Separation* § 904 (1966). This we are unwilling to do. Accordingly, this assignment of error is overruled.

For the reasons stated above, the decision of the Court of Appeals is reversed and this case is remanded to that court for remand to the District Court of Mecklenburg County for reinstatement of judgment for plaintiff.

Reversed and remanded.